2005 UT App 322

**In the interest of J.J.L., a person under eighteen years of age.**

**K.L., Appellant,**

v.

**C.L., Appellee.**

**No. 20050320–CA.**

Court of Appeals of Utah.

July 21, 2005.

Philip C. Patterson, Patterson Barking Thompson & Larkin, Ogden, for Appellant.

Terry L. Cathcart and Craig T. Peterson, Crist, Cathcart & Peterson, LLC, Bountiful, for Appellee.

Martha Pierce, Salt Lake City, Guardian Ad Litem.

Before Judges BILLINGS, BENCH, and GREENWOOD.

## MEMORANDUM DECISION

PER CURIAM:

¶ 1 K.L. purports to appeal the termination of her parental rights. The case is before the court on Appellee C.L.'s motion to dismiss. K.L. requested an extension of the time to respond to the motion. We grant the extension and consider the response.

¶ 2 C.L. filed a petition in the Second District Juvenile Court for Morgan County seeking termination of K.L.'s parental rights. The juvenile court entered findings of fact, conclusions of law, and an order terminating parental rights on January 20, 2005. That order reserved for further hearing "the determination of any financial obligations that are all in arrears" and the issue "whether this court shall order attorney's fees." The juvenile court entered its Findings of Fact and Order on March 8, 2005, which awarded C.L. child support arrearages, reimbursement for health insurance premiums, attorney fees, and costs. Assuming that the March 8, 2005 order was appealable under rule 4 of the Utah Rules of Appellate Procedure, K.L. filed a notice of appeal, signed only by her attorney, on April 5, 2005.

¶ 3 Effective May 3, 2004, Utah Code section 78–3a–909(2) was amended to read:

Appeals of right from juvenile court orders related to abuse, neglect, dependency, termination, and adoption proceedings, shall be taken within 15 days from entry of the order, decree, or judgment appealed from. In addition, the notice of appeal must be signed by appellant's counsel, if any, and by appellant, unless the appellant is a minor child or state agency. If an appellant fails to timely sign a notice of appeal, the appeal shall be dismissed.

Utah Code Ann. § 78–3a–909(2) (Supp.2004); see also Utah R.App. P. 52(a) (requiring a notice of appeal in a child welfare proceeding to "be filed within 15 days of the entry of the order appealed from"). Extensions of the time for filing a notice of appeal are addressed in rule 59(a), which states:

The juvenile court, upon a showing of good cause or excusable neglect, may extend the time for filing a notice of appeal upon motion filed prior to the expiration of time prescribed by Rule 52. No extension shall exceed 10 days past the prescribed time or 10 days from the date of the entry of the order granting the motion, whichever occurs later.

Utah R.App. P. 59(a). We are precluded from suspending or modifying the requirements of rules 52 and 59 by rule 2 of the

Utah Rules of Appellate Procedure. *See* Utah R.App. P. 2.

■ ¶ 4 K.L. conceded that under rule 52, her notice of appeal must have been filed no later than March 23, 2005. After determining that the notice of appeal did not satisfy the content or timeliness requirements of the appellate rules governing child welfare appeals, K.L.'s counsel filed an ex parte motion in the juvenile court on April 20, seeking an extension under both rule 4(e) and rule 59(a) of the Utah Rules of Appellate Procedure. Extensions of the time for appeal in child welfare cases are specifically governed by rule 59(a), which requires a motion for an extension of the appeal time to be "filed prior to the expiration of [the] time prescribed by [r]ule 52." Utah R.App. P. 59(a). Because rule 4(e) allows both a longer period in which to seek an extension of the appeal time and a longer extension, it is clearly inconsistent with rule 59. *Compare* Utah R. App. 4(e), *with* Utah R.App. P. 59(a). Because rule 4(e) is inconsistent with rule 59(a), it does not apply to child welfare proceedings. *See* Utah R.App. P. 1(f) (providing that appellate rules are applicable to child welfare appeals "if not inconsistent with" rules 52 through 59). The juvenile court did not have authority to extend the time for filing the amended notice of appeal because the motion for an extension was not filed within the time allowed by rule 59(a).

¶ 5 K.L.'s motion for an extension of the appeal time was also filed to allow her to correct the omission of her signature on the notice of appeal. *See* Utah R.App. P. 53(b) (requiring appellant and appellant's counsel to sign notice of appeal). Rule 53(b) allows a limited extension for the purpose of adding an appellant's signature to a timely notice of appeal:

The notice of appeal must be signed by appellant's counsel and by appellant, unless the appellant is a minor child or state agency. Counsel filing a notice of appeal without appellant's signature shall contemporaneously file, with the clerk of the juvenile court, a certification that substantially complies with the Counsel's Certification of Diligent Search form that accompanies these rules. An amended notice of appeal adding appellant's signature shall be filed within 15 days of the filing of the notice of appeal or the appeal shall be dismissed.

Utah R.App. P. 53(b). The original notice of appeal, signed only by counsel, was untimely under rule 52 and was not accompanied by the certificate of diligent search required by rule 53. Therefore, an extension under rule 53(b) was not available. In addition, the amended notice of appeal, filed on April 22, 2005, was not filed within 15 days of the original notice of appeal.

■ ¶ 6 If an appeal is not timely filed, this court has no jurisdiction to consider the appeal. *See Serrato v. Utah Transit Auth.,* 2000 UT App 299, ¶ 7, 13 P.3d 616. When this court determines it lacks jurisdiction, it retains only the authority to dismiss the action. *See Varian–Eimac, Inc. v. Lamoreaux,* 767 P.2d 569, 570 (Utah Ct.App.1989).

¶ 7 We grant the motion to dismiss and dismiss the appeal for lack of jurisdiction.