147 P.3d 462 (2006)
2006 UT App 391
STATE of Utah, in the interest of D.E., W.E., and A.E., persons under eighteen years of age.
J.R., Appellant,
v.
State of Utah, Appellee.
No. 20060661-CA.
Court of Appeals of Utah.
September 28, 2006.
Jeffrey J. Noland, Noland Law Office, Salt Lake City, for Appellant.
*463 Mark L. Shurtleff, Attorney General, and John M. Peterson, Assistant Attorney General, Salt Lake City, for Appellee.
Martha Pierce, Salt Lake City, Guardian Ad Litem.
Before Judges BENCH, GREENWOOD, and THORNE.

MEMORANDUM DECISION
PER CURIAM:
¶ 1 J.R. (Mother) appeals the termination of her parental rights in her children. This is before the court on its own motion to dismiss for lack of jurisdiction.
¶ 2 The juvenile court terminated Mother's rights in an order dated July 7, 2006. On July 19, 2006, Mother's counsel filed a notice of appeal unsigned by Mother. No certification of diligent search was filed with the notice of appeal. On July 27, 2006, an amended notice of appeal including Mother's signature was filed.
¶ 3 This court's jurisdiction over child welfare appeals is provided by statute. See Utah Code Ann. § 78-3a-909 (Supp.2006). Section 78-3a-909(2) sets forth both the time frame for appeal and the content of the notice of appeal. See id. § 78-3a-909(2). A notice of appeal must be filed within fifteen days after the entry of the order appealed. See id. Additionally, the notice of appeal must be signed by both appellant's counsel and by appellant. See id. "If an appellant fails to timely sign a notice of appeal, the appeal shall be dismissed." Id.
¶ 4 Similarly, under rule 53 of the Utah Rules of Appellate Procedure, a notice of appeal in a child welfare case "must be signed by appellant's counsel and by appellant." Utah R.App. P. 53(b). If counsel files a notice of appeal without the appellant's signature, counsel "shall contemporaneously file, with the clerk of the juvenile court, a certification that substantially complies with the Counsel's Certification of Diligent Search form that accompanies these rules." Id. Under those circumstances, counsel may then file an amended notice of appeal adding appellant's signature within fifteen days of the filing of the initial notice of appeal. See id.
¶ 5 Rule 53(b) provides counsel an opportunity to correct the lack of an appellant's signature by granting essentially an automatic extension to find the client and obtain a signature. To warrant this extension, however, counsel must file the certification of diligent search. This assures that the sole reason for filing an incomplete notice is that the client is unable to be found, rather than filing merely to extend the time as a matter of convenience. This court has previously noted that where counsel failed to file a certification of diligent search, the extension under rule 53(b) was not available. See In re J.J.L., 2005 UT App 322, ¶ 5, 119 P.3d 315 (per curiam).
¶ 6 Here, counsel filed a notice of appeal unsigned by appellant but did not file a certification of diligent search with the initial notice of appeal. Nor did he file the certification when notified of the deficiency by this court.[1] Absent the certification of diligent search required by rule 53(b), the extension to file a complete notice of appeal under rule 53(b) is not available. See id. Because, here, the extension was not warranted, the signed notice of appeal was untimely. See Utah Code Ann. § 78-3a-909(2); Utah R.App. P. 52(a). If an appeal is not timely filed, this court lacks jurisdiction and must dismiss the appeal. See Serrato v. Utah Transit Auth., 2000 UT App 299, ¶ 7, 13 P.3d 616.
¶ 7 Dismissed.[2]
NOTES
[1] On the contrary, counsel has acknowledged that his client's whereabouts in this case were known and that the client was in contact. In these circumstances, counsel has used rule 53 and the amended notice of appeal inappropriately, filing as a matter of convenience rather than necessity. It is clear that the facts of this case are beyond the intended scope and meaning of rule 53. If counsel could, at any time and for any reason, file an incomplete notice of appeal and thereby receive an extension, the specified time period for appeal would be completely circumvented and made ineffectual.
[2] Because this case is dismissed, Appellant's motion for an extension of time to file her petition is moot.