196 P.3d 643 (2008)
2008 UT App 385
STATE of Utah, in the interest of J.C., J.C., S.E., and C.E., persons under eighteen years of age.
K.E., Appellant,
v.
State of Utah, Appellee.
No. 20080767-CA.
Court of Appeals of Utah.
October 23, 2008.
Terry R. Spencer, Sandy, for Appellant Mark L. Shurtleff and John M. Peterson, Salt Lake City, for Appellee.
Martha Pierce and Amy Mitchell, Salt Lake City, Guardians Ad Litem.
Before Judges GREENWOOD, DAVIS, and McHUGH.

MEMORANDUM DECISION
PER CURIAM:
¶ 1 K.E. (Mother) appeals from the trial court's adjudication order. We dismiss the appeal for lack of jurisdiction.
¶ 2 The adjudication order was entered on September 2, 2008. Mother's counsel filed a notice of appeal without Mother's signature on September 12. On September 18, an amended notice of appeal was filed in this court, which included Mother's signature. On September 22, a certificate of diligent search was filed in this court.
¶ 3 The Utah Code provides for the court of appeals's jurisdiction over child welfare cases. See Utah Code Ann. § 78A-6-1109 (Supp.2008). Appeals of right from child welfare orders must be filed within fifteen days of the entry of the order appealed. See id. "In addition, the notice of appeal must be signed by appellant's counsel, if any, and by appellant.... If an appellant fails to timely sign a notice of appeal, the appeal shall be dismissed." Id. § 78A-6-1109(2). This subsection specifies the jurisdictional requirements of both the time frame and the contents of the notice of appeal.
¶ 4 Rule 53 of the Utah Rules of Appellate Procedure further defines the requirements of a notice of appeal. Relevant here, the "notice of appeal must be signed by appellant's counsel and by appellant." Utah R.App. P. 53(b). "Counsel filing a notice of appeal without appellant's signature shall contemporaneously file, with the clerk of the juvenile court, a certification [of diligent search]." Id. "An amended notice of appeal adding appellant's signature shall be filed within 15 days of the filing of the notice of appeal or the appeal shall be dismissed." Id.
¶ 5 To obtain what is essentially an automatic extension under rule 53, a certificate of diligent search must be filed to establish the entitlement to the extension. See In re D.E., 2006 UT App 391, ¶ 6, 147 P.3d 462. Under rule 53(b), the certificate must be filed contemporaneously with the notice of appeal. See Utah R.App. P. 53(b). The certificate of diligent search is a prerequisite to showing that an appellant is permitted to file an amended notice of appeal in an extended time to appeal. See id. Here, there was no certificate of diligent search filed with the initial notice of appeal, nor was a certificate filed before the initial fifteen-day time period *644 had run.[1] Rather, the certificate was filed in this court several days after the amended notice of appeal had been received by this court. Moreover, neither the certificate of diligent search nor the amended notice of appeal was filed in the juvenile court until October 1, 2008.
¶ 6 Accordingly, we hold that the certificate of diligent search filed in this case was untimely and ineffective to supplement the deficient notice of appeal filed on September 12. Therefore, Mother was not entitled to an extension to file an amended notice of appeal. Because the amended notice of appeal was not filed within the fifteen-day time period to file an appeal, the amended notice was untimely. As a result, this court lacks jurisdiction and must dismiss this appeal. See Serrato v. Utah Transit Auth., 2000 UT App 299, ¶ 7, 13 P.3d 616.
¶ 7 Dismissed.
NOTES
[1] Although rule 53(b) states that the certificate must be filed contemporaneously with the notice of appeal, we note that a certificate of diligent search filed before the initial time to appeal has run would supplement the defective notice of appeal and entitle an appellant to the extension under rule 53(b).