2011 UT App 102

**STATE of Utah, in the interest of T.J.D., a person under eighteen years of age.**

**J.D., Appellant,**

v.

**State of Utah, Appellee.**

**No. 20110054–CA.**

Court of Appeals of Utah.

April 7, 2011.

Jack B. Burns, Cedar City, for Appellant.

Mark L. Shurtleff and John M. Peterson, Salt Lake City, for Appellee.

Martha Pierce, Salt Lake City, Guardian Ad Litem.

Before Judges ORME, THORNE, and CHRISTIANSEN.

DECISION

PER CURIAM:

¶ 1 This case is before the court on a sua sponte motion for summary disposition for lack of jurisdiction because the original notice of appeal and accompanying certificate of diligent search were not timely filed and, as a result, the amended notice of appeal was also untimely. We dismiss the appeal based upon lack of jurisdiction.

¶ 2 Rule 52(a) of the Utah Rules of Appellate Procedure requires a notice of appeal filed in a child welfare proceeding to be filed within fifteen days of the entry of the order being appealed. *See* Utah R.App. P. 52(a). The juvenile court entered its final order on December 27, 2010. Appellant J.D.'s notice of appeal was not filed until January 13, 2011, which was seventeen days after the entry of the juvenile court's final order. Because the notice of appeal was signed only by counsel, it was accompanied by a certification of diligent search describing counsel's efforts to obtain J.D.'s signature in order to comply with rule 53(b) of the Utah Rules of Appellate Procedure, *see generally* Utah R.App. P. 53(b) (allowing a fifteen-day extension to obtain an appellant's signature on an amended notice of appeal based upon counsel's certification of diligent search). On January 25, 2011, counsel filed an amended notice of appeal containing J.D.'s signature.

¶ 3 Because the original notice of appeal was untimely, the amended notice of appeal adding J.D.'s signature was also untimely, and it was ineffective to confer jurisdiction on this court. *See In re J.J.L.,* 2005 UT App 322, ¶ 5, 119 P.3d 315 (stating that where the original notice of appeal was untimely, an extension of time to obtain an appellant's signature under rule 53(b) is not available). The filing of a timely notice of appeal is jurisdictional. *See Serrato v. Utah Transit Auth.,* 2000 UT App 299, ¶ 7, 13 P.3d 616. Once this court determines that it lacks jurisdiction, it retains only the authority to dismiss the action. *See Varian–Eimac, Inc. v. Lamoreaux,* 767 P.2d 569, 570 (Utah Ct.App. 1989). Accordingly, we dismiss the appeal for lack of jurisdiction.