**2024 UT App 27**

# THE UTAH COURT OF APPEALS

STATE OF UTAH, IN THE INTEREST OF O.N. AND R.N.,
PERSONS UNDER EIGHTEEN YEARS OF AGE.

K.D.,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Per Curiam Opinion
No. 20230987-CA
Filed March 7, 2024

Sixth District Juvenile Court, Kanab Department
The Honorable Alex Goble
No. 1215052

Emily Adams, Attorney for Appellant

Sean D. Reyes and John M. Peterson,
Attorneys for Appellee

Martha Pierce, Guardian ad Litem

Before JUDGES RYAN M. HARRIS, RYAN D. TENNEY, and
JOHN D. LUTHY.

PER CURIAM:

¶1      K.D. (Mother) moves to reinstate her appeal after it was dismissed for lack of jurisdiction due to an insufficient notice of appeal.

¶2      Mother's motion is pursuant to rule 23A of the Utah Rules of Appellate Procedure, which permits an "appeal dismissed for failure to take a step other than the timely filing of a notice of appeal" to be reinstated by the court under certain circumstances.

Mother contends that the failure of a parent to sign a notice of appeal from a child welfare order is a "failure to take a step other than the timely filing of a notice of appeal" and that her appeal should be reinstated. However, the failure to take other steps within the scope of the rule are administrative matters in the appeal process rather than jurisdictional defects.

¶3    The content required in a notice of appeal in child welfare proceedings is set forth in both statute and rule. *See* Utah Code § 78A-6-359(2); Utah R. App. P. 53. Both require a parent's signature to complete the notice of appeal. *See* Utah Code § 78A-6-359(2)(b); Utah R. App. P. 53(b). A parent's signature is identified as a jurisdictional requirement under statute: "If [a parent] fails to timely sign a notice of appeal, the appeal shall be dismissed." Utah Code § 78A-6-359(2)(c). The lack of a parent's signature means the notice of appeal is not complete and is insufficient to invoke the court's jurisdiction regardless of when it was filed. *See In re D.E.*, 2006 UT App 391, ¶¶ 2, 6, 147 P.3d 462 (per curiam) (holding that a notice of appeal unsigned by the parent was insufficient even though filed within fifteen days); *see also In re adoption of A.B.*, 2010 UT 55, ¶ 17, 245 P.3d 711 ("If an appellant fails to file a signed notice of appeal in conformity with [rule 53], the appeal shall be dismissed." (quotation simplified)); *cf. In re adoption of B.B.*, 2017 UT 59, ¶ 106, 417 P.3d 1 (noting that the contents of a notice of appeal can have jurisdictional consequences).

¶4    In sum, the signature requirement is a jurisdictional element of a notice of appeal in a child welfare proceeding. "Utah appellate courts lack jurisdiction over an appeal . . . if the notice of appeal is not filed in strict compliance with Utah's notice of appeal requirements." *In re adoption of A.B.*, 2010 UT 55, ¶ 25. When an appellate court has never obtained jurisdiction over a case, then by definition no appeal was ever instated. And if no appeal in the matter was instated, it cannot be *re*instated.

Accordingly, reinstatement is not available under rule 23A.[1] The motion to reinstate the appeal is denied.

————

1. Notably, a rule change is pending that might provide for a different outcome in future cases that present circumstances similar to those presented here. Our decision here, however, is dictated by the current rule and the case law interpreting it.