2000 UT App 299

**Cristobal SERRATO and Elida Serrato, Plaintiffs and Appellants,**

v.

**UTAH TRANSIT AUTHORITY and Lance K. Sargent, Defendants and Appellees.**

No. 990951–CA.

Court of Appeals of Utah.

Nov. 2, 2000.

G. Eric Nielson, Bertch & Hunt, Salt Lake City, for Appellants.

Jody K. Burnett, Williams & Hunt, Salt Lake City, for Appellees.

Before Judges BENCH, DAVIS, and ORME.

## OPINION

DAVIS, Judge:

¶ 1 Cristobal and Elida Serrato (Serratos) appeal from the trial court's determination that they failed to comply with the notice of claim requirements of the Utah Governmental Immunity Act and that they cannot refile their claim under Utah Code Ann. § 70–12–40 (1996) (savings statute). The Utah Transit Authority (UTA) and Lance K. Sargent (Sargent) cross-appeal from the trial court's order granting the Serratos an extension of time to appeal.

## BACKGROUND

¶ 2 On December 17, 1996, the Serratos' truck and a UTA bus collided, injuring both Cristobal Serrato, who was driving, and his wife, Elida Serrato. The UTA bus was driven by Lance Sargent.

¶ 3 Settlement negotiations between the Serratos and the UTA ensued, but eventually broke down. On December 8, 1997, the Serratos filed a notice of claim for injury with Steven Cain, UTA Risk Manager, David Pitcher, UTA Claims Administrator, and Jan Graham, Utah Attorney General.

¶ 4 The Serratos subsequently filed a complaint against the UTA and Lance Sargent alleging negligence. The UTA and Mr. Sargent filed an answer, and, later, a motion for summary judgment based upon the Serratos' failure to timely serve a notice of claim upon the UTA's board of directors or any individual board member of the UTA. The Serratos filed a motion in opposition to summary judgment, as well as a cross-motion for summary judgment relying on the savings statute.

¶ 5 On August 2, 1999, the trial court heard the motions and granted summary judgment for the UTA based on the Serratos' failure to timely serve a notice of claim on UTA's

board of directors, and denied summary judgment for the Serratos based upon the savings statute.[1] The final judgment and order was entered on August 26, 1999. Pursuant to Rule 58A of the Utah Rules of Civil Procedure, counsel for the UTA mailed a Notice of Entry of Summary Judgment and Order of Dismissal dated August 31, 1999 to counsel for the Serratos, which read: "NOTICE is hereby given pursuant to Rule 58A(d) of the Utah Rules of Civil Procedure that the Summary Judgment and Order of Dismissal in the above-referenced matter was signed by the Honorable Stephen L. Henriod on August 26, 1999, and has been filed. Please govern yourselves accordingly." On October 1, 1999, the Serratos filed a motion to extend the time to appeal. The motion to extend was grounded upon the fact that the Serratos' counsel somehow assumed the date of the Rule 58A notice was the date of the entry of judgment. The trial court granted that motion by minute entry dated October 27, 1999, without oral argument, and entered an order extending the time to appeal until November 8, 1999. Although the motion and opposition thereto were supported by memoranda and affidavits, the minute entry did not contain findings of fact, conclusions of law, or any other indication of the reasoning of the court. The Serratos filed their notice of appeal on November 2, 1999.[2] The UTA filed its cross-appeal on November 15, 1999.

## ISSUE AND STANDARD OF REVIEW

¶ 6 Although there are three main issues raised in this appeal and cross-appeal, we address only the issue raised in the cross-appeal: whether the trial court abused its discretion by granting an extension of time to appeal pursuant to Rule 4(e) of the Utah Rules of Appellate Procedure. The discretion of the trial court to grant or deny a Rule 4(e) motion is very broad, highly fact dependant, and fundamentally equitable in nature. *See Reisbeck v. HCA Health Serv. of Utah, Inc.,* 2000 UT 48, ¶¶ 6,15, 2 P.3d 447; *West v. Grand County,* 942 P.2d 337, 339–40 (Utah 1997). Since the trial court granted the motion which was grounded upon Rule 4(e) and the Serratos do not properly assert good cause on appeal,[3] we will assume the court found excusable neglect and focus our analysis thereon.

## ANALYSIS

¶ 7 If an appeal is not timely filed, this court lacks jurisdiction to hear the appeal. *See State v. Montoya,* 825 P.2d 676, 678 (Utah Ct.App.1991); *see also Prowswood, Inc. v. Mountain Fuel Supply Co.,* 676 P.2d 952, 955 (Utah 1984) ("It is axiomatic in this jurisdiction that failure to timely perfect an appeal is a jurisdictional failure requiring dismissal of the appeal."). Since it is undisputed that the Serratos failed to file their notice of appeal within 30 days after the date of entry of the judgment, this court may entertain their appeal only if the time for appeal was appropriately extended. Extension of time to appeal is governed by Rule 4(e) of the Utah Rules of Appellate Procedure, which provides that "the trial court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal."[4] Excusable neglect "is an admit-

---

1. Utah Code Ann. § 70–12–40 (1996).

2. A notice of appeal is not a complex document. As is typical, the notice of appeal eventually filed in this case is a document consisting of a heading, two sentences, and date and signature lines.

3. Appellants reference good cause in their brief in only one line. It stated: "In addition, or in the alternative, the facts demonstrate 'good cause' for allowing the time to be extended." While this court may affirm the trial court on any proper grounds, *see Otteson v. Dep't of Human Serv.,* 945 P.2d 170, 172 (Utah App.Ct.1997) (per curiam), adequate briefing of the issue is required. *See State v. Thomas,* 961 P.2d 299, 304–

05 (Utah 1998) (declaring an issue is inadequately briefed "when the overall analysis of issue is so lacking as to shift burden of research and argument to the reviewing court."). In addition, there is no fact basis in the record for good cause or any indication that the delay was due to circumstances beyond appellants' control. *See Reisbeck v. HCA Health Serv. of Utah, Inc.,* 2000 UT 48, ¶¶ 13–15, 2 P.3d 447.

4. The entire rule reads:

    *Extension of time to appeal.* The trial court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed

tedly neglectful delay that is nevertheless excused by special circumstances," whereas good cause "pertains to special circumstances that are essentially beyond a party's control." *Reisbeck,* 2 P.3d 447, 2000 UT 48 at ¶ 13.

¶ 8 Here, the Serratos failed to file their appeal within the 30 days required by Rule 4(a) of the Utah Rules of Appellate Procedure. The Serratos never claimed, nor is there any factual support, that special circumstances existed beyond their control which caused the delay in filing the notice of appeal. The Serratos' attorney's justification for failing to meet the deadline for filing a notice of appeal is that he misread the Notice of Entry of Summary Judgment and Order of Dismissal and believed that the judgment had been entered on August 31, 1999 instead of August 26, 1999. Counsel realized this mistake on September 30, 1999, after calling the court clerk, who informed him that the judgment was not entered on August 31, 1999. Counsel claims that he misread the Notice because it merely states that the order was "signed by the Honorable Stephen L. Henriod on August 26, 1999," and did not explicitly state that the order was entered by the clerk on August 26, 1999. Counsel does not explain how he misinterpreted the rest of that sentence which reads: "signed by the Honorable Stephen L. Henriod on August 26, 1999, *and has been filed.*" (Emphasis added).[5] Counsel's failure is pure negligence on his part and, therefore, plaintiffs must show the negligence is excusable to justify an extension to appeal.

¶ 9 The Utah Supreme Court adopted four non-exclusive factors "relevant to a determination of excusable neglect" in *West v. Coates,* 942 P.2d 337, 340–41 (Utah 1997): "[i] the danger of prejudice to [the nonmoving party], [ii] the length of the delay and its potential impact on judicial proceedings, [iii] the reason for the delay, including whether it was within the reasonable control of the movant, and [iv] whether the movant acted in good faith." *Id.* (quoting *City of Chanute v. Williams Natural Gas Co.,* 31 F.3d 1041, 1046 (10th Cir.1994) (bracket numbering added) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assoc.,* 507 U.S. 380, 395, 113 S.Ct. 1489, 1498, 123 L.Ed.2d 74 (1993))).[6] These factors are not dispositive, but helpful in determining whether excusable neglect occurred. *See id.* at 341.[7] Also, in *Pioneer* the United States Supreme Court

by paragraph (a) of this rule [within 30 days after the entry of the order]. A motion filed before expiration of the prescribed time may be ex parte unless the trial court otherwise requires. Notice of a motion filed after expiration of the prescribed time shall be given to the other parties in accordance with the rules of practice of the trial court. No extension shall exceed 30 days past the prescribed time or 10 days from the date of entry of the order granting the motion, whichever occurs later.
Utah R.App.P. 4(e).

5. A reasonably prudent person would not misread such a straightforward important legal document. *See Washington Fed. Sav. & Loan Ass'n v. Transamerica Premier Ins. Co.,* 124 Idaho 913, 865 P.2d 1004, 1009 (App.1993) (" 'If [counsel] decided the wording of the summons did not mean what it plainly said, such neglect was not the act of a reasonable person under the circumstances and was therefore not excusable.' ") (citation omitted).

6. The Utah Supreme Court also addressed the issue of excusable neglect in an earlier opinion, *Prowswood, Inc. v. Mountain Fuel Supply,* 676 P.2d 952 (Utah 1984). In that opinion, the supreme court invoked a much stricter standard, and claimed that excusable neglect "was not

intended to permit an extension 'in the absence of circumstances that are unique or extraordinary.' " *Id.* at 960 (citation omitted). In *Prowswood,* the court further stated: "The assertion that prejudice or the lack thereof has a bearing upon the determination of the excusable neglect question is erroneous." *Id.* at 960. This last statement is clearly superseded by *West* which uses prejudice as one of the factors in an excusable neglect analysis. Although the Utah Supreme Court did not distinguish, explain or even cite to *Prowswood* in the *West* decision, it appears that *West* relied upon an equity based definition of excusable neglect proclaimed by the United States Supreme Court in *Pioneer Inv. Servs. Co. v. Brunswick Assoc.,* 507 U.S. 380, 395, 113 S.Ct. 1489, 1498, 123 L.Ed.2d 74 (1993). In *Pioneer,* the Supreme Court held that misinterpretation of an ambiguous rule can be excusable neglect; however, neglect due to upheaval in counsel's practice deserves little weight. *See Pioneer,* 507 U.S. at 398–99, 113 S.Ct. 1489.

7. In *West,* the court remanded for the trial court to determine if there was excusable neglect when the attorney failed to check the filing date with the court clerk in a timely manner due to the court's history of a six-month delay in issuing orders. *See West v. Coates,* 942 P.2d 337, 341 (Utah 1997).

limited the definition of excusable neglect, noting that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect . . ." *Pioneer*, 507 U.S. at 392, 113 S.Ct. 1489.

¶ 10 The latest Utah Supreme Court case addressing excusable neglect is *Reisbeck v. HCA Health Services of Utah, Inc.*, 2000 UT 48, 2 P.3d 447. In *Reisbeck*, the supreme court followed the *West* approach in affirming the lower court's denial of an extension based upon excusable neglect when the attorney overlooked the fact that May has thirty-one days and assumed that a document would be filed within two days of mailing, stating: "where a party or party's attorney was concededly neglectful, the court must determine whether that neglect should, on balance, be excused. We reemphasize that the trial court's inquiry is fundamentally equitable in nature and entails broad discretion." *Id.* at ¶ 15. However, an equitable approach does not signify that *any* negligence should rise to the level of excusable neglect. For example, in *West*, the supreme court stated "were no other extenuating facts present, an attorney's failure to check with the clerk should not alone suffice to support a finding of excusable neglect." *West*, 942 P.2d at 340; *see also Pioneer*, 507 U.S. at 392, 113 S.Ct. 1489. ("[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect."). If such a low standard existed, there would be no need for a rule—all movants could request an extra 30 days as a matter of course, since the attorney will always be negligent for not filing the appeal in a timely manner and that negligence will always be excusable. Although there is no assertion here that the rules were misread, the analytical approach of such cases is appropriate when a claim rests upon misreading the plain language of a straightforward notice. *See Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 464 (8th Cir.2000) ("Notwithstanding the 'flexible' *Pioneer* standard,

experienced counsel's misapplication of clear and unambiguous procedural rules cannot excuse his failure to file a timely notice of appeal."); *Midwest Employers Cas. Co. v. Williams*, 161 F.3d 877, 879–80 (5th Cir.1998) (holding that misreading Federal Rule of Civil Procedure does not constitute excusable neglect); *Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996, 998 (11th Cir.1997) ("[A]ttorney error based on a misunderstanding of the law was an insufficient basis for excusing a failure to comply with a deadline."); *Prizevoits v. Indiana Bell Tel. Co.*, 76 F.3d 132, 133 (7th Cir.1996) ("An unaccountable lapse is not excusable neglect. The excusable neglect standard can never be met by a showing of inability or refusal to read and comprehend the plain language of the federal rules.'") (citation omitted); *Kyle v. Campbell Soup Co.*, 28 F.3d 928, 931–32 (9th Cir.1994) (holding that misinterpreting unambiguous rules is not excusable neglect).[8]

¶ 11 Here, the trial court exceeded its discretion by granting the Serratos an extension to file their notice of appeal. Although the trial court has broad discretion to determine if a party's neglect is excusable, that discretion is not limitless. Here, the Serratos' attorney misread the Rule 58A Notice and then did nothing to check on his initial misinterpretation for almost thirty days.[9] Additionally, counsel did not merely overlook the mistake for four days, he failed to file the Notice of Appeal for *thirty-four days.* Although such deadlines are concededly arbitrary, they must be adhered to in order to prevent cases from continually lingering and to ensure finality in the system.

¶ 12 Additionally, under an equitable approach, it is unfair to allow an extension for what amounts to no excuse. *See Prizevoits v.. Indiana Bell Tel. Co.*, 76 F.3d 132, 134 (7th Cir.1996) ("Here the rule is crystal clear, the error egregious, the excuses so thin as to leave the lapse not only unexcused but inexplicable."). To do so would so lower the requirement for what is

---

8. *See also* David N. May, *Pioneer's Paradox: Appellate Rule 4(a)(5) and the Rule Against Excusing Ignorance of Law*, 48 Drake L.Rev. 677 (2000) for an analysis of rejecting excusable neglect based upon an attorney's mistake or ignorance of law post-*Pioneer*.

9. Counsel suggests that his mistake is somehow more excusable because he chose to call the court clerk on September 30, 1999, some 29 days after the Notice of Judgment and 34 days after the entry thereof.

excusable neglect making Utah Rule of Appellate Procedure 4(e) meaningless.

That the four-part *Pioneer* standard for determining excusable neglect applies does not change existing law that a lawyer's misunderstanding of clear law cannot constitute excusable neglect. If it could, almost every appellant's lawyer would plead his own inability to understand the law when he fails to comply with the deadline. We do not believe that the Court intended a practice that would require courts to be that lenient about disobedience to plain law.

*Advanced Estimating,* 130 F.3d at 998.

## CONCLUSION

¶ 13 The trial court exceeded its discretion in determining that counsel's misreading the date of the entry of judgment to be "excusable neglect." Our resolution of this appeal makes it unnecessary to address the merits of the issues set forth in the Serratos' appeal. The Serratos' appeal is dismissed for lack of jurisdiction.

¶ 14 WE CONCUR: RUSSELL W. BENCH, Judge, and GREGORY K. ORME, Judge.