2005 UT App 568

**Brenda E. DENT, Petitioner and Appellee,**

v.

**Carl Mark DENT, Respondent and Appellant.**

No. 20050674–CA.

Court of Appeals of Utah.

Dec. 30, 2005.

Lyle W. Hillyard and Brian G. Cannell, Hillyard Anderson & Olsen, Logan, for Appellant.

Kelly J. Smith, Olson & Hoggan, Logan, for Appellee.

Before Judges DAVIS, McHUGH, and ORME.

## MEMORANDUM DECISION

PER CURIAM:

¶ 1 This case is before the court on a sua sponte motion to dismiss for lack of jurisdiction.

¶ 2 The district court entered a divorce decree on July 5, 2005. On July 12, 2005, Appellant Carl Mark Dent (Husband) filed a timely motion to amend the judgment and decree of divorce. On August 1, 2005, before the court ruled on the motion to amend, Husband filed a notice of appeal. Following an August 4, 2005 hearing, the district court orally ruled on the motion to amend. On September 14, 2005, the district court entered an amended judgment and decree of divorce. More than thirty days later, Husband filed an amended notice of appeal on November 8, 2005.

¶ 3 Husband makes two arguments opposing dismissal for lack of jurisdiction. First, he contends that his counsel timely delivered his first amended notice of appeal to the district court by placing it in the "in box," but the district court allegedly misplaced the notice. The claim is supported by affidavits filed for the first time in this court. Second, Husband argues that amendments to rule 4(b) of the Utah Rules of Appellate Procedure that became effective on November 1, 2005, should apply retroactively so as to save the appeal.

¶ 4 When the district court entered the original divorce decree on July 5, 2005, and the amended decree on September 14, 2005, rule 4(b) provided that a notice of appeal filed before the disposition of a motion to amend the judgment "shall have no effect." Utah R.App. P. 4(b) (amended effective Nov. 1, 2005). Rule 4(b) also required that "[a] new notice of appeal must be filed within the prescribed time measured from the entry of the order of the trial court disposing of the motion as provided above." *Id.* Under that rule, the premature notice of appeal filed on August 1, 2005, had "no effect" because it was filed before entry of the amended judgment. A new notice of appeal must have been filed on or before October 14, 2005, so the second amended notice of appeal filed on November 8, 2005, was untimely. *See* Utah R.App. P. 4(a), (b). Timely filing of a notice of appeal is a jurisdictional prerequisite; therefore, when a notice of appeal is untimely, we lack jurisdiction to consider the appeal. *See Serrato v. Utah Transit Auth.,* 2000 UT App 299, ¶ 7, 13 P.3d 616.

¶ 5 Effective November 1, 2005, rule 4(b) was revised. *See* Utah R.App. P. 4, Amendment Notes ("The 2005 amendment rewrote Subdivision (b)."). Amended rule 4(b)(2) states, in part:

A notice of appeal filed after announcement or entry of judgment, but before entry of an order disposing of any motion listed in Rule 4(b), shall be treated as filed after entry of the order and on the day thereof, except that such a notice of appeal is effective to appeal only from the underlying judgment.

Utah R.App. P. 4(b)(2) (amended effective Nov. 1, 2005). Husband argues that because his original notice of appeal was filed after the entry of the original divorce decree, but before entry of the amended judgment dis-

posing of his motion to amend, it should be deemed timely under the new rule 4(b)(2) to allow an appeal of the original divorce decree. If the amendment is applied retroactively, it would revive the appeal despite the expiration of the jurisdictional time limits under the rule in effect at the time of the entry of both the original and amended divorce decrees.

¶ 6 The Utah Supreme Court's August 30, 2005 Order adopting the amendments stated that, "IT IS HEREBY ORDERED that the proposed amendments to Rules 4, 8A, 9, and 19 of the Utah Rules of Appellate Procedure are adopted and promulgated effective November 1, 2005." The plain language of the order establishes an effective date of November 1, 2005. Because the time for appeal expired under former rule 4(b) before the effective date of the amendment, we decline to apply the amended rule retroactively to establish jurisdiction over the appeal.

 ¶ 7 Husband argues the new rule 4(b)(2) should be applied to this case because the district court allegedly misplaced his first amended notice of appeal, which he claims was timely delivered in early October. When Husband filed a second amended notice of appeal on November 8, 2005, the time for making a motion to extend the time for appeal under rule 4(e) of the Utah Rules of Appellate Procedure had not expired. *See* Utah R.App. P. 4(e) (allowing a motion to be filed within thirty days after expiration of the original appeal period). Only the district court has the authority to extend the time for appeal; accordingly, claims that a timely first amended notice of appeal was misplaced should have been presented to the district court in a timely motion under rule 4(e). The appellate courts are precluded by rule 2 of the Utah Rules of Appellate Procedure from suspending or modifying the operation of rule 4(b) and rule 4(e). *See* Utah R.App. P. 2.

¶ 8 We dismiss the appeal for lack of jurisdiction.