2006 UT App 209

**GLACIER LAND CO., L.L.C., a Utah limited liability company; and Glacier Land Development Co., L.L.C., a Utah limited liability company, Plaintiffs, Appellees, and Cross-appellants,**

v.

**CLAUDIA KLAWE & ASSOCIATES, L.L.C., a Utah limited liability company; and Claudia Klawe, an individual, Defendants, Counterclaimants, Third-party Plaintiffs, Appellants, and Cross-appellees,**

v.

**Glacier Land Co., L.L.C., a Utah limited liability company; Glacier Land Development Co., L.L.C., a Utah limited liability company; David Gough, an individual; Daniel L. Vranes, an individual; and Brent R. Shaw, an individual, Counterdefendants and Third-party Defendants.**

No. 20050265–CA.

Court of Appeals of Utah.

May 25, 2006.

---

Thomas R. Karrenberg and Stephen P. Horvat, Anderson & Karrenberg, Salt Lake City, for Appellants and Cross-appellees.

Bruce R. Baird, Hutchings Baird & Jones PLLC, Sandy, for Appellees and Cross-appellants.

Before BENCH, P.J., BILLINGS and THORNE, Jr., JJ.

## MEMORANDUM DECISION

PER CURIAM:

¶ 1 Appellants Claudia Klawe & Associates, L.L.C., and Claudia Klawe (collectively Klawe) seek partial dismissal of the cross-appeal of Glacier Land Co., L.L.C., and Glacier Land Development Co., L.L.C. (collectively Glacier).

¶ 2 A notice of appeal "shall be filed with the clerk of the trial court within 30 days after the date of entry of the judgment or order appealed from." Utah R.App. P. 4(a). Under rule 4(b) of the Utah Rules of Appellate Procedure, the time for appeal is suspended upon the filing of certain enumerated motions. See Utah R.App. P. 4(b). Glacier filed such a motion, i.e., a motion for judgment notwithstanding the verdict under rule 50(b) of the Utah Rules of Civil Procedure. The district court denied that motion in a ruling and order entered on the same date as the Amended Judgment. Accordingly, under either rule 4(a) or 4(b), the appeal time ran from the simultaneous entry of the Amended Judgment and the order denying the motion notwithstanding the verdict.[1]

¶ 3 A judgment is entered when it is signed by the trial judge and filed with the clerk. See Utah R. Civ. P. 58A(b)-(c). The district court signed the Amended Judgment on March 11, 2005.[2] The date-stamp indi-

---

**1.** If a timely notice of appeal is filed by one party, any other party may file a notice of appeal within fourteen days after the filing date for the first notice of appeal or within the appeal time prescribed in rule 4(a) or 4(b). See Utah R.App. P. 4(d).

**2.** The original judgment was entered on February 23, 2005. The district court subsequently

cates that it was also "filed" by the clerk on the same date. Accordingly, entry of the Amended Judgment occurred on March 11, 2005, when it was both signed by the district court and filed with the clerk. *See* Utah R. Civ. P. 58A(b) (stating "all judgments shall be signed by the judge and filed with the clerk"). "A judgment is complete and shall be deemed entered for all purposes, except the creation of a lien on real property, when the same is signed and filed." Utah R. Civ. P. 58A(c). Another stamp on the Amended Judgment states it was "entered in registry of judgments" on March 14, 2005. Although rule 58A(c) also requires the clerk to "immediately make a notation of the judgment in the register of actions," this is not required to accomplish entry for purposes of calculating the appeal time. *Id.* Therefore, the thirty-day period for initiating an appeal commenced on March 11, 2005, and expired on Monday, April 11, 2005. Klawe filed a timely notice of appeal on March 16, 2005.

■ ¶ 4 On March 30, 2005, Glacier filed a motion seeking an extension of the time for appeal. Rule 4(e) of the Utah Rules of Appellate Procedure, governing extensions of the time for appeal, states:

> The trial court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by paragraphs (a) and (b) of this rule.... No extension shall exceed 30 days past the prescribed time or 10 days from the date of entry of the order granting the motion, whichever occurs later.

Utah R.App. P. 4(e).

¶ 5 Under rule 4(e), the district court was authorized to extend the appeal time to May 11, 2005, which was thirty days after the expiration of the original appeal time. On April 4, 2005, the district court entered an order prepared by Glacier's counsel, purportedly granting an extension of the appeal time to May 13, 2005. Glacier's counsel mistakenly assumed that the original appeal time would be calculated from March 14, 2005, when the

Amended Judgment was entered in the registry of judgments. This mistake resulted in the order granting an extension of the appeal time two days beyond the maximum time authorized by rule 4(e). Glacier filed a notice of appeal on May 12, 2005, challenging "the decision of the Court dismissing Glacier's claims for breach of fiduciary duty and fraud, the denial of Glacier's Judgment Notwithstanding the Verdict, and the decision not to grant Glacier attorney's fees." The May 12, 2005 notice of appeal, although filed within the time allowed by the extension order, was filed beyond the time that the district court was authorized to allow for an extension of the appeal time from the Amended Judgment and the order denying the motion for judgment notwithstanding the verdict entered on March 11, 2005.

■ ¶ 6 "If an appeal is not timely filed, this court lacks jurisdiction to hear the appeal." *Serrato v. Utah Transit Auth.*, 2000 UT App 299, ¶ 7, 13 P.3d 616. Where a notice of appeal is not filed within the thirty days after the date of entry of the judgment, "this court may entertain [the] appeal only if the time for appeal was appropriately extended." *Id.* Although the district court has broad discretion to grant or deny a rule 4(e) motion, its decision is subject to appellate review. *See generally Reisbeck v. HCA Health Servs. of Utah, Inc.*, 2000 UT 48, 2 P.3d 447; *Serrato*, 2000 UT App 299, 13 P.3d 616. The extension granted by the district court in this case exceeded the limits imposed by rule 4(e). "Although such deadlines are concededly arbitrary, they must be adhered to in order to prevent cases from continually lingering and to ensure finality in the system." *Serrato*, 2000 UT App 299 at ¶ 11, 13 P.3d 616. Because the notice of appeal was filed one day beyond the time that the district court could authorize as an extension of the appeal time, we lack jurisdiction to consider the merits of an appeal from the Amended Judgment and the order denying Glacier's motion for judgment notwithstanding the verdict. Rule 2 of the Utah Rules of Appellate Procedure precludes our

noted a clerical error in that judgment, and Klawe submitted an Amended Judgment correct-

ing the clerical error.

suspension of the requirements of rule 4(e). *See* Utah R.App. P. 2.

¶ 7 On March 30, 2005, the same date that Glacier filed the motion seeking an extension of the appeal time, Glacier filed a motion seeking an award of attorney fees. On May 2, 2005, the district court struck that motion as untimely because it was not filed until after the entry of judgment (and the filing of Klawe's notice of appeal). The court also ruled that it lacked jurisdiction to consider an untimely request for attorney fees and denied a motion seeking reconsideration. The May 12, 2005 notice of appeal was timely filed after entry of the order striking Glacier's motion seeking an award of attorney fees.

¶ 8 Finally, the district court entered an August 9, 2005 ruling and order denying Glacier's alternative motion filed under rule 60(b) of the Utah Rules of Civil Procedure. The ruling on the rule 60(b) motion was itself a separate, appealable order. *See Amica Mut. Ins. Co. v. Schettler,* 768 P.2d 950, 970 (Utah Ct.App.1989) ("It is well settled under Utah law, an order denying relief under [r]ule 60(b) is a final appealable order."). We lack jurisdiction to consider an appeal from the ruling denying the rule 60(b) motion to set aside the judgment within the present appeal because Glacier did not file a timely notice of appeal from that ruling.

¶ 9 In sum, we dismiss Glacier's cross-appeal insofar as it seeks to appeal the original judgment, the Amended Judgment, the order denying a motion for judgment notwithstanding the verdict, and the ruling and order denying the motion to set aside the judgment under rule 60(b) of the Utah Rules of Civil Procedure. Our dismissal has no effect on the remainder of Glacier's appeal, insofar as Glacier seeks to appeal the order striking the motion for an award of attorney fees as untimely and beyond the jurisdiction of the district court.