2011 UT App 103

Jim LOHRENZ and Ruth Lohrenz, Plaintiffs and Appellees,

v.

PREMIER CONSTRUCTION & DEVEL-OPMENT GROUP LLC; Construction Funding Inc.; Salt Lake Credit Union; SMF Construction Inc.; Access Cable and Construction, Inc.; Mufasa Investments & Development, LLC; Karma Financial, LLC; Christopher Troy Parkin; Terry Miller; David L. Peterson; Sione Hame Tuione; Siotame Sau Fangupo; First Southwestern Title Agency of Utah, Inc.; Daniel A. Blanco; Matthew J. Clapham; and John Does 1–10, Defendants and Appellant.

No. 20110039–CA.

Court of Appeals of Utah.

March 31, 2011.

Rehearing Granted May 6, 2011.

Roger H. Hoole, Salt Lake City, for Appellant.

Lincoln W. Hobbs and Julie Ladle, Salt Lake City, for Appellees.

Before Judges DAVIS, VOROS, and ROTH.

DECISION

PER CURIAM:

¶ 1 Terry Miller appeals the district court's December 6, 2010 order denying his motion filed pursuant to rule 60(b) of the Utah Rules of Civil Procedure. This matter is before the court on a sua sponte motion for partial summary disposition. We dismiss the cross-appeal and clarify the scope of Miller's appeal.

¶ 2 A ruling on a rule 60(b) motion is a separate, appealable order. *See Amica Mut. Ins. Co. v. Schettler*, 768 P.2d 950, 970 (Utah Ct.App.1989). An appeal from a rule 60(b) motion is narrow in scope and addresses only the propriety of the denial or grant of relief from judgment. *See Franklin Covey Client Sales, Inc. v. Melvin*, 2000 UT App 110, ¶ 19, 2 P.3d 451. An appeal from a rule 60(b) motion does not generally reach the merits of the underlying judgment from which relief was sought or provide a basis for this court to review the legal issues previously adjudicated by the district court. *See id.* ¶ 23. Appellate review of rule 60(b) orders must be narrow in scope, and refrain from reaching the underlying judgment from which relief was sought, lest rule 60(b) motions become a substitute for timely appeals. *See id.* ¶ 19.

¶ 3 On January 4, 2011, Miller filed a notice of appeal from the December 6, 2010 denial of his rule 60(b) motion. Miller's notice of appeal indicates that Miller seeks to appeal both the December 6, 2010 denial of his rule 60(b) motion, as well as the underlying judgment, including the October 14, 2010 ruling and the July 22, 2010 order granting his motion for summary judgment. Appellees filed a notice of cross-appeal seeking review of the July 22, 2010 order. Appellees clarified that they believed that this court lacked jurisdiction to consider any order other than the December 6, 2010 denial of Miller's rule 60(b) motion. Thus, Appellees filed their cross-appeal merely as a precaution to preserve their appellate rights if this court did not limit the scope of Miller's appeal.

¶ 4 This court lacks jurisdiction to review the November 10, 2010 final, appealable order, as well as the orders preceding the November 10, 2010 judgment. Pursuant to rule 4 of the Utah Rules of Appellate Procedure, a notice of appeal must be filed within thirty days after the entry of the judgment or the order appealed. *See* Utah R.App. P. 4(a). If an appeal is not timely filed, this

court lacks jurisdiction to consider the appeal. *See Serrato v. Utah Transit Auth.*, 2000 UT App 299, ¶ 7, 13 P.3d 616. Furthermore, a motion made under rule 60(b) of the Utah Rules of Civil Procedure does not toll the time for appeal from the final judgment. *See Amica Mut. Ins. Co.*, 768 P.2d at 970. Miller filed his notice of appeal on January 4, 2011, more than thirty days after the entry of November 10, 2010 final judgment. Thus, this court lacks jurisdiction to consider any issues raised from the underlying judgment.

¶ 5 Accordingly, the cross-appeal is dismissed and Miller's appeal is limited to review of the district court's December 6, 2010 order denying Miller's rule 60(b) motion.