2011 UT App 116

The **BANK OF NEW YORK MELLON TRUST COMPANY, NA, as Indenture Trustee for the IMP Home Equity Loan Owner Trust 1998–7, OCWEN Loan Servicing, LLC, Plaintiff and Appellee,**

v.

**Charles C. WALDO and Ethanne S. Waldo, Defendants and Appellants.**

**No. 20110098–CA.**

Court of Appeals of Utah.

April 14, 2011.

Charles C. Waldo and Ethanne S. Waldo, Taylorsville, Appellants Pro Se.

Richard Gunnerson, Brad G. DeHaan, and Brigham Lundberg, Salt Lake City, for Appellee.

Before Judges DAVIS, VOROS, and ROTH.

DECISION

PER CURIAM:

¶1 Charles C. Waldo and Ethanne S. Waldo appeal the district court's December 30, 2010 order denying their motion to void an order of restitution entered in their unlawful detainer action. This matter is before the court on a sua sponte motion for summary disposition. We dismiss the appeal for lack of jurisdiction.

¶2 Utah Code section 78B–6–813 requires that a notice of appeal taken from an unlawful detainer judgment be filed within ten days after the entry of the judgment. *See* Utah Code Ann. § 78B–6–813(1) (2008). Rule 4(a) of the Utah Rules of Appellate

Procedure also requires that "when a judgment or order is entered in a statutory forcible entry or unlawful detainer action, the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within ten days after the date of entry of the judgment or order appealed from." Utah R.App. P. 4(a). The Waldos seek to appeal an order entered in an unlawful detainer action denying their motion to void the order of restitution. The order denying the Waldos' motion to void the order of restitution was entered on December 30, 2010. The Waldos did not file their notice of appeal within ten days after the date of entry of the order appealed from. Because the notice of appeal was untimely, this court lacks jurisdiction to consider the merits of the appeal and we have no choice but to dismiss the appeal. *See Serrato v. Utah Transit Auth.*, 2000 UT App 299, ¶ 7, 13 P.3d 616.

¶ 3 Accordingly, the appeal is dismissed for lack of jurisdiction.