2011 UT App 126

**Jacob Mut BOLITH, Petitioner and Appellant,**

v.

**STATE of Utah, Respondent and Appellee.**

No. 20110218–CA.

Court of Appeals of Utah.

April 21, 2011.

Jacob Mut Bolith, Manti, Appellant Pro Se.

Mark L. Shurtleff and Brett J. Delporto, Salt Lake City, for Appellee.

Before Judges ORME, ROTH, and CHRISTIANSEN.

### DECISION

PER CURIAM:

¶ 1 Jacob Mut Bolith seeks to appeal the district court's September 30, 2011 order dismissing his petition for post-conviction relief. This matter is before the court on a sua sponte motion for summary disposition for lack of jurisdiction. We dismiss the appeal.

¶ 2 Rule 4 of the Utah Rules of Appellate Procedure requires that a notice of appeal be filed within thirty days of the entry of the

---

final order or judgment appealed. *See* Utah R.App. P. 4(a). If a notice of appeal is not timely filed, this court lacks jurisdiction to consider the appeal. *See Serrato v. Utah Transit Auth.*, 2000 UT App 299, ¶ 7, 13 P.3d 616. If the court lacks jurisdiction over an appeal, it has only the authority to dismiss the appeal. *See Varian–Eimac, Inc. v. Lamoreaux*, 767 P.2d 569, 570 (Utah Ct.App. 1989).

¶ 3 On September 30, 2010, the district court entered a final order dismissing Bolith's petition for post-conviction relief. On February 15, 2011, Bolith filed a notice of appeal seeking to appeal the September 30, 2010 order dismissing his petition for post-conviction relief. Because the notice of appeal was not timely filed, this court lacks jurisdiction to consider the appeal. *See Serrato*, 2000 UT App 299, ¶ 7, 13 P.3d 616. Thus, we are required to dismiss the appeal for lack of jurisdiction. *See Varian–Eimac, Inc.*, 767 P.2d at 570.

¶ 4 Accordingly, the appeal is dismissed.[1]

---

1. We note that Bolith previously appealed the district court's September 30, 2010 order dismissing his petition for post-conviction relief, which this court affirmed. *See Bolith v. State*, 2011 UT App 21, 248 P.3d 1008.