2011 UT App 216

STATE of Utah, Plaintiff and Appellee,

v.

Daniel John MERRIMAN, Defendant
and Appellant.

No. 20110342–CA.

Court of Appeals of Utah.

June 30, 2011.

Daniel John Merriman, Farmington, Appellant Pro Se.

Mark L. Shurtleff and Marian Decker, Salt Lake City, for Appellee.

Before Judges DAVIS, McHUGH, and ROTH.

## DECISION

PER CURIAM:

¶ 1 Daniel John Merriman seeks to appeal his convictions for securities fraud. This matter is before the court on its own motion for summary disposition based upon lack of jurisdiction due to Merriman's failure to file a timely notice of appeal. *See* Utah R.App. P. 4(a).

¶ 2 A notice of appeal must be filed "with the clerk of the trial court within 30 days after the date of entry of the judgment or order appealed from." *Id.* If an appeal is not timely filed, this court lacks jurisdiction to hear the appeal and must dismiss. *See Serrato v. Utah Transit Auth.,* 2000 UT App 299, ¶ 7, 13 P.3d 616.

¶ 3 Merriman entered pleas of guilty to three counts of securities fraud on January 6, 2010. The court entered Merriman's sentence on February 17, 2010. Therefore, if Merriman wished to appeal his sentence, he was required to file his notice of appeal within thirty days of that date. However, Merriman did not file his pro se notice of appeal until April 12, 2011. Thus, the notice of appeal was untimely. Because Merriman did not timely file his notice of appeal, this court lacks jurisdiction to hear the appeal and has no choice but to dismiss it. *See Varian–Eimac, Inc. v. Lamoreaux,* 767 P.2d 569, 570 (Utah Ct.App.1989).

¶ 4 The appeal is dismissed.[1]

---

1. Merriman asserts that he was deprived of his right to appeal the case due to the ineffectiveness of his counsel. If Merriman seeks a direct appeal of his conviction, he must do so pursuant to the requirements of *Manning v. State,* 2005 UT 61, ¶ 31, 122 P.3d 628. *See id.* ("[U]pon a

defendant's motion, the trial or sentencing court may reinstate the time frame for filing a direct appeal where the defendant can prove ... that he has been unconstitutionally deprived, through no fault of his own, of his right to appeal."); *see also* Utah R.App. P. 4(f).