2011 UT App 338

**Eddie Ray BOZARTH Jr., Plaintiff
and Appellant,**

v.

**Mark L. SHURTLEFF, Ryan Mecham,
Ray Hintze, Kirk Torgensen, and Kathi
Nickell, Defendants and Appellees.**

**No. 20110536.**

Court of Appeals of Utah.

Oct. 6, 2011.

Rehearing Denied Nov. 2, 2011.

Fifth District, Cedar City Department, 100501145; The Honorable John R. Anderson.

Eddie Ray Bozarth Jr., Vernal, Appellant Pro Se.

Peggy E. Stone, Salt Lake City, for Appellees.

Before Judges DAVIS, ORME, and ROTH.

DECISION

PER CURIAM:

¶ 1 Eddie Ray Bozarth Jr. seeks to appeal the trial court's order dismissing his complaint for failure to prosecute. This is before the court on its own motion for summary disposition based on lack of jurisdiction due to an untimely filed notice of appeal.

¶ 2 The trial court dismissed Bozarth's complaint for failure to prosecute on April 19, 2011. The trial court received Bozarth's notice of appeal on May 23, 2011. The certification on the notice indicates that it was placed in the correctional institution's mail system on May 20, 2011.[1] In his certification of mailing, Bozarth specifically notes the "inmate mailbox rule" set forth in rule 4(g) of the Utah Rules of Appellate Procedure.

¶ 3 Under rule 4(g), an inmate's notice of appeal for either a criminal or civil case will be accepted as timely filed if it is placed in the institution's mail system on or before the last day for filing. *See* Utah R.App. P. 4(g). Generally, a notice of appeal must be filed within thirty days of the order or judgment appealed. *See id.* R. 4(a). "Timely filing may be shown by a notarized statement or written declaration setting forth the date of deposit and stating that first-class postage has been prepaid." *Id.* R. 4(g).

¶ 4 Bozarth's declaration states a mailing date of May 20, which is beyond the thirty-day period for filing an appeal. The timely filing of a notice of appeal is jurisdictional. *See Serrato v. Utah Transit Auth.,* 2000 UT App 299, ¶ 7, 13 P.3d 616. If an appeal is not timely filed, this court lacks jurisdiction and must dismiss it. *See Bradbury v. Valencia,* 2000 UT 50, ¶ 8, 5 P.3d 649. Because Bozarth's notice of appeal was not filed within thirty days after the dismissal of his complaint, this court lacks jurisdiction over the appeal and must dismiss it. *See id.*

¶ 5 Dismissed.

---

1. The certificate of mailing states that a copy was sent to the defendants by placing the notice in the mail system on May 20, without reference to the mailing of the original to the court. However, May 20 is the only mailing date stated, and in the absence of any other declaration, we accept this date as the date of mailing to the court.