2011 UT App 348

**STATE of Utah, Plaintiff and Appellee,**

v.

**George Washington UPTON, Defendant and Appellant.**

**No. 20110593–CA.**

Court of Appeals of Utah.

Oct. 14, 2011.

George Washington Upton, Boise, Idaho, Appellant Pro Se.

Mark L. Shurtleff and Marian Decker, Salt Lake City, for Appellee.

Before Judges ORME, THORNE, and CHRISTIANSEN.

DECISION

PER CURIAM:

¶1 George Washington Upton seeks to appeal the district court's May 27, 2011 "Ruling on Defendant's Motion to Uphold and Enforce Sentence and Rule 11 Plea Agreement." [1] This matter is before the court on its own motion for summary disposition based upon lack of jurisdiction due to Upton's failure to file a timely notice of appeal. *See* Utah R.App. P. 4(a).

¶2 A notice of appeal must be filed "with the clerk of the trial court within 30 days after the date of entry of the judgment or order appealed from." *Id.* If an appeal is not timely filed, this court lacks jurisdiction to hear the appeal and must dismiss it. *See Serrato v. Utah Transit Auth.*, 2000 UT App 299, ¶7, 13 P.3d 616.

¶3 The district court entered its ruling resolving Upton's motion to enforce his sen-

tence and rule 11 plea agreement on May 27, 2011. Therefore, if Upton wished to appeal the order, he was required to file his notice of appeal within thirty days of that date. However, Upton did not file his pro se notice of appeal until July 11, 2011. [2] Thus, the notice of appeal was untimely. Because Upton did not timely file his notice of appeal, this court lacks jurisdiction to hear the appeal and has no choice but to dismiss it. *See Varian–Eimac, Inc. v. Lamoreaux*, 767 P.2d 569, 570 (Utah Ct.App.1989).

¶4 The appeal is dismissed.

---

1. Upton makes clear that this is not a direct appeal of his sentence, which was entered over two years ago, but rather is an appeal of the district court's ruling stating that it did not have authority to require the Department of Corrections to enforce the terms of his sentence as interpreted by Upton. As such, the motion was in the nature of a petition for extraordinary re-

lief, a civil matter in which he has no right to the assistance of appointed counsel. Upton has not engaged retained counsel to pursue this matter.

2. The mailing certificate attached to the notice of appeal indicates that it was placed in the prison mail delivery system no earlier than July 7, 2011.