2011 UT App 442

**Charles William ROUTSON, Petitioner and Appellant,**

v.

**STATE of Utah, Respondent and Appellee.**

No. 20110952–CA.

Court of Appeals of Utah.

Dec. 30, 2011.

Charles William Routson, Gunnison, Appellant Pro Se.

Before Judges DAVIS, VOROS, and ROTH.

DECISION

PER CURIAM:

¶1 Charles William Routson appeals the dismissal of his petition for post-conviction relief and the denial of his motion to amend or make additional findings of fact. Routson also appeals the district court's denial of his motion for an extension of time to file a notice of appeal. This matter is before the court on its own motion for summary disposition on the basis that this court lacks jurisdiction to review the dismissal of his petition for post-conviction relief and the denial of his post-judgment motion because Routson failed to timely file his notice of appeal. In regard to the issue concerning the denial of the motion for an extension of time to file his notice of appeal, the matter is being considered for summary disposition on the basis that the grounds for review are so insubstantial as to not merit further proceedings and consideration by the court.

¶2 The district court issued its final order denying Routson's motion to amend or make additional findings of fact on July 26, 2011. On August 23, 2011, Routson filed a motion for an extension of time to appeal. The motion was based on the fact that Routson was "considering filing a petition for extraordinary writ in the . . . matter, which would supercede appellate proceedings, and [was] currently awaiting advice from counsel." On October 4, 2011, the district court denied the motion for an extension of time to file the notice of appeal.

¶3 Rule 4(e) of the Utah Rules of Appellate Procedure states that "[t]he trial court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal. . . ." Utah R.App. P. 4(e). "The discretion of the trial court to grant or deny a Rule 4(e) motion is very broad, highly fact

dependent, and fundamentally equitable in nature." *Serrato v. Utah Transit Auth.*, 2000 UT App 299, ¶ 6, 13 P.3d 616. "Excusable neglect 'is an admittedly neglectful delay that is nevertheless excused by special circumstances,' whereas good cause 'pertains to special circumstances that are essentially beyond a party's control.'" *Id.* ¶ 7 (quoting *Reisbeck v. HCA Health Servs. of Utah, Inc.*, 2000 UT 48, ¶ 13, 2 P.3d 447). In analyzing such a motion "it is unfair to allow an extension for what amounts to no excuse" because "[t]o do so would so lower the requirement for what is excusable neglect" that it would make rule 4(e) "meaningless." *Id.* ¶ 12.

¶ 4 In this case, Routson failed to demonstrate either excusable neglect or good cause to justify an extension of time to file a notice of appeal. Routson's sole reason for asking for the extension was to request more time to decide whether to file the appeal or to pursue an extraordinary writ. This request for more time to study his potential alternatives was not the result of a neglectful delay or of circumstances outside of Routson's control. The delay was the result of a conscious choice to take more time to consider his options. Routson easily could have filed a notice of appeal on August 23, 2011, instead of the motion for an extension, which would have been timely and protected his right to an appeal. Instead, Routson chose to file the motion. Accordingly, because Routson failed to demonstrate excusable neglect or good cause in support of his motion for an extension, the district court did not err in denying the motion. As a result, Routson's notice of appeal was untimely as to the dismissal of his petition for post-conviction relief and the denial of his motion to amend or make additional findings of fact. *See* Utah R.App. P. 4(a) (requiring a notice of appeal to be filed within thirty days of entry of the final order); *see also Serrato*, 2000 UT App 299, ¶ 7, 13 P.3d 616.

¶ 5 Affirmed.