IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Express Recovery Services, Inc., | ) | PER CURIAM DECISION |
| | ) | |
| Plaintiff and Appellee, | ) | Case No. 20120135-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (May 10, 2012) |
| Jared Wall, | ) | |
| | ) | 2012 UT App 138 |
| Defendant and Appellant. | ) | |

-----

Second District, Layton Department, 080604970
The Honorable David M. Connors

Attorneys:    Jared Wall, Kaysville, Appellant Pro Se
              Edwin B. Parry, Salt Lake City, for Appellee

-----

Before Judges Orme, Thorne, and Roth.

¶1     In a notice of appeal filed on February 14, 2012, Jared Wall appealed the judgment entered on June 4, 2009, and "all Orders since" entered in the underlying case. This appeal is before the court on a sua sponte motion for summary dismissal for lack of jurisdiction.  We dismiss the appeal.

¶2     This collection case culminated in the final judgment entered on June 4, 2009. "An appeal may be taken from a district . . . court to the appellate court with jurisdiction over the appeal from all final orders and judgments . . . by filing a notice of appeal with the clerk of the trial court within the time allowed by Rule 4."  Utah R. App. P. 3(a).  "[T]he notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within 30 days after the date of entry of the judgment or order appealed from."  Utah R. App. P. 4(a).  Wall filed his notice of appeal over two-and-one-half years

after the entry of the June 4, 2009 judgment that he seeks to appeal. Accordingly, we lack jurisdiction to consider the merits of the appeal insofar as it seeks to appeal the June 4, 2009 judgment. "If an appeal is not timely filed, this court lacks jurisdiction to hear the appeal." *Serrato v. Utah Transit Auth.*, 2000 UT App 299, ¶ 7, 13 P.3d 616.

¶3     To the extent that Wall's notice of appeal sought to appeal "all Orders since" the June 4, 2009 judgment, it is deficient under rule 3(d) of the Utah Rules of Appellate Procedure, which requires that a "notice of appeal . . . designate the judgment or order, or part thereof, appealed from." Utah R. App. P. 3(d). The requirement to designate the judgment or order from which the appeal is taken is jurisdictional because "the object of a notice of appeal is to advise the opposite party that an appeal has been taken from a specific judgment in a particular case." *Jensen v. Intermountain Power Agency*, 1999 UT 10, ¶ 7, 977 P.2d 474. When a notice of appeal fails to identify the order sought to be appealed, the notice of appeal is insufficient for this court to assume jurisdiction over the appeal. *See In re B.B.*, 2002 UT App 82, ¶ 9, 45 P.3d 527.

¶4     Once a court has determined that it lacks jurisdiction, it "retains only the authority to dismiss the action." *Varian-Eimac, Inc. v. Lamoreaux*, 767 P.2d 569, 570 (Utah Ct. App. 1989). Accordingly, we dismiss the appeal.


_____
Gregory K. Orme, Judge


_____
William A. Thorne Jr., Judge


_____
Stephen L. Roth, Judge