2013 UT App 259

# THE UTAH COURT OF APPEALS

PARTLOW INVESTMENT PROPERTIES,
Plaintiff and Appellee,
*v.*
TOMOAKI YAMAMOTO,
Defendant and Appellant.

Per Curiam Decision
No. 20130382-CA
Filed October 31, 2013

Third District Court, West Jordan Department
The Honorable Charlene Barlow
No. 120403535

Tomoaki Yamamoto, Appellant Pro Se

Before JUDGES STEPHEN L. ROTH, MICHELE M. CHRISTIANSEN, and
JUDITH M. BILLINGS.[1]

PER CURIAM:

¶1      Tomoaki Yamamoto appeals the district court's April 3, 2013
order denying his motion to amend the judgment and to stay
execution of the judgment. This matter is before the court on its
own motion for summary disposition on the basis that the grounds
for review are so insubstantial as not to merit further proceedings
and consideration by this court. *See* Utah R. App. P. 10(a)(2)(A).

¶2      Our jurisdiction in this matter is limited to the review of the
district court's April 3, 2013 order denying Yamamoto's motion to

---

1. The Honorable Judith M. Billings, Senior Judge, sat by special
assignment as authorized by law. *See generally* Utah Code Jud.
Admin. R. 11-201(6).

amend the judgment and to stay execution of the judgment.[2] Specifically, this court lacks jurisdiction to resolve any issues arising out of the original judgment, which was entered on July 25, 2012, or the district court's February 22, 2013 order denying Yamamoto's timely motion for a new trial, motion to set aside the judgment, and motion to stay enforcement of the judgment because Yamamoto did not timely appeal from those orders. *See* Utah R. App. P. 4(a) (requiring a notice of appeal to be filed within thirty days after the date of entry of the final order or judgment); *Serrato v. Utah Transit Auth.*, 2000 UT App 299, ¶ 7, 13 P.3d 616 (stating that if an appeal is not timely filed, this court lacks jurisdiction and must dismiss).

¶3 More particularly, the February 22, 2013 order fully resolved the motion for a new trial and other assorted orders, thereby starting the thirty-day notice of appeal period for both the original judgment and the order denying the motion for a new trial. Yamamoto did not file a notice of appeal. Instead, he filed a motion to amend the judgment. This did not stay the notice of appeal period because it was not filed within ten days of the judgment; it was filed within ten days of an order resolving the post-judgment motion. *See* Utah R. Civ. P. 59(e) (requiring a motion to amend to be filed within "10 days after entry of the judgment"). Thus, it could not operate to toll the period to file a notice of appeal. *See* Utah R. App. P. 4(b)(1)(D) (stating that time to appeal is extended if a timely motion under rule 59 is filed).

¶4 Further, this court has no jurisdiction over that part of the order granting Partlow Investment Properties' request for an

---

2. The orders at issue in this appeal are post-judgment orders. Accordingly, each order is subject to its own analysis as to whether it is a final, appealable order. *See Cahoon v. Cahoon*, 641 P.2d 140, 142 (Utah 1982) (noting that postjudgment orders are independently subject to the requirement of finality, according to "their own substance and effect").

augmented judgment because the court ordered Partlow to prepare a proposed judgment and that order has not yet been signed and entered by the district court. Accordingly, no final, appealable order exists concerning any issues involving the proposed augmented judgment. *See* Utah R. App. P. 3(a) (stating that appeals may only be taken from final orders).

¶5    In regard to the district court's April 3, 2013 order, Yamamoto fails to demonstrate that there is a substantial issue for review. The sole issue set forth by Yamamoto in his docketing statement is that the district court erred in granting Partlow's motion for summary judgment. Further, in his response to this court's motion for summary disposition, Yamamoto fails to address the district court's rationale for denying his motion to amend, i.e., that Yamamoto merely reargued the same matters upon which the district court had already ruled. Instead, Yamamoto addresses the merits of the district court's rulings dismissing his counterclaim and granting Partlow's motion for summary judgment. However, as stated above, this court lacks jurisdiction to review the district court's orders preceding the entry of the judgment against Yamamoto. Therefore, Yamamoto has failed to raise a substantial issue that this court has the jurisdiction to resolve.

¶6    Affirmed.

———————