**2015 UT App 70**

# THE UTAH COURT OF APPEALS

STATE OF UTAH, IN THE INTEREST OF B.O., A PERSON UNDER
EIGHTEEN YEARS OF AGE.

M.C. AND C.C.,
Appellants,
*v.*
STATE OF UTAH AND D.O.,
Appellees.

Amended Per Curiam Decision[1]
No. 20141012-CA
Filed March 26, 2015

Third District Juvenile Court, Salt Lake Department
The Honorable C. Dane Nolan
No. 1012644

F. LaVar Christensen, Attorney for Appellants

Russell T. Monahan, Attorney for Appellee D.O.

Martha Pierce, Guardian ad Litem

Before JUDGES JAMES Z. DAVIS, MICHELE M. CHRISTIANSEN,
AND KATE A. TOOMEY.

PER CURIAM:

¶1    M.C. and C.C. (Grandparents) appeal from the juvenile
court's October 21, 2014 order denying their motion based on rules

---

1. In response to Appellants' petition for rehearing minor changes
were made to Paragraph 3 to reflect the timing of Appellants'
motion for relief under rules 52 and 59.

52 and 59 of the Utah Rules of Civil Procedure. Grandparents also seek review of several previous rulings of the juvenile court.

¶2     We first begin our review by determining the extent of our jurisdiction over this matter because Grandparents seek review of several post-judgment orders. Grandparents initially indicate that they seek review of: (1) a November 6, 2013 order, regarding the record of the October 4, 2013 hearing; (2) a December 10, 2013 order denying a request for a further hearing; and (3) a December 13, 2013 ruling and order denying Grandparents' rule 60(b) motion for relief from judgment and reinstatement of their adoption petition. We lack jurisdiction to review these orders. "[A]n order denying relief under rule 60(b) is a final appealable order." *Amica Mut. Ins. Co. v. Schettler*, 768 P.2d 950, 970 (Utah Ct. App. 1989). Thus, the December 13, 2013 order and all previous rulings issued in furtherance of the rule 60(b) proceedings were final and appealable on that date. Rule 52 of the Utah Rules of Appellate Procedure requires all appeals in child welfare cases to be brought within fifteen days of a final, appealable order. Utah R. App. P. 52(a). If an appeal is not timely filed, this court lacks jurisdiction over the issues raised. *See Serrato v. Utah Transit Auth.*, 2000 UT App 299, ¶ 7, 13 P.3d 616. Because Grandparents did not file the notice of appeal until November 4, 2014, we lack jurisdiction to review issues relating to these orders.[2]

¶3     Grandparents next indicate that they seek review of the May 13, 2014 order denying a second rule 60(b) motion for relief from judgment, which they filed on March 7, 2014. Grandparents filed a motion for relief under rules 52 and 59 of the Utah Rules of Civil Procedure following the entry of the May 13, 2014 order, and apparently believe that filing the motion preserved their right to

_____

2. We note that Grandparents did initially file a notice of appeal on January 2, 2014, seeking our review of the December 13, 2013 order. However, Grandparents voluntarily dismissed the appeal with prejudice on January 22, 2014.

appeal that order. However, "[a]n untimely motion for a new trial has no effect on the running of the time for filing a notice of appeal." *Burgers v. Maiben*, 652 P.2d 1320, 1322 (Utah 1982) (per curiam); *see also* Utah R. Civ. P. 52(b) & 59(b) (stating that such motions must be made or served within fourteen days after entry of the judgment); Utah R. App. P. 4(b)(1) (setting forth motions that toll the time for appeal). Grandparents did not serve their motion for relief under rules 52 and 59 until May 28, 2014, and did not file it until May 30, 2014, both more than fourteen days after entry of the order. Accordingly, Grandparents' motion did not toll the time for filing a notice of appeal, and we lack jurisdiction over issues relating to the May 13, 2014 order. *See Serrato*, 2000 UT App 299, ¶ 7.

¶4 Grandparents timely appealed the juvenile court's denial of their motion for rule 52 and 59 relief. We therefore have jurisdiction to resolve issues solely related to the October 21, 2014 order. We review the district court's denial of a motion to amend a judgment for an abuse of discretion. *See Crestwood Cove Apts. Bus. Trust v. Turner*, 2007 UT 48, ¶ 40, 164 P.3d 1247 (stating that "a trial court has broad discretion to decide whether to grant relief under [rule 59]"). The juvenile court denied the motion because the issues raised had been previously raised and resolved by the juvenile court on several prior occasions. After examining the record, we agree that the May 30, 2014 motion simply reargued issues previously resolved by the juvenile court, and the juvenile court did not abuse its discretion in denying the motion on that ground.

¶5 Furthermore, we note that the issues raised in Grandparents' March 7, 2014 rule 60(b) motion and in their May 30, 2014 motion should have been raised in a direct appeal of the juvenile court's December 13, 2013 order resolving their first motion for rule 60(b) relief. Specifically, the issues raised in these motions focus on the reconstruction of the record of a hearing during which there was an error in the recording system that resulted in part of the hearing not being recorded. These were issues known to Grandparents when the December 13, 2013 order was entered and could have

been raised in a direct appeal. We have long held that an appeal from a rule 60(b) motion is narrow in scope and addresses only the propriety of the denial or grant of relief from judgment, lest rule 60(b) motions become substitutes for untimely appeals. *See Franklin Covey Client Sales, Inc. v. Melvin*, 2000 UT App 110, ¶ 19, 2 P.3d 451. Therefore, a rule 60(b) motion does not generally reach the merits of the underlying judgment from which relief was sought or provide a basis for this court to review the legal issues previously adjudicated by the district court. *See id.* ¶ 23. By repeatedly raising the same issues Grandparents raised prior to the entry of the December 13, 2013 order, they are attempting to rekindle issues for appeal that were previously adjudicated by the juvenile court and subject to a direct appeal.

¶6     Affirmed.

———————