2025 UT App 15

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
JOSEPH M. FLORES,
Appellant.

Opinion
No. 20241254-CA
Filed February 6, 2025

Second District Court, Ogden Department
The Honorable Joseph M. Bean
No. 131901930

Emily Adams, Freyja Johnson, and Hannah Leavitt-Howell, Attorneys for Appellant

Derek E. Brown and Marian Decker,
Attorneys for Appellee

Before JUDGES GREGORY K. ORME, RYAN M. HARRIS,
and AMY J. OLIVER.

PER CURIAM:

¶1      Joseph M. Flores has filed a notice of appeal seeking appellate review of a final judgment and sentence rendered against him on November 14, 2016. This appeal is before the court on its own motion for summary disposition based on lack of jurisdiction due to an untimely filed notice of appeal.

¶2      In 2016, Flores was convicted of sexual abuse of a child and sentenced to prison. No notice of appeal was received by the district court or this court.

¶3      Some eight years later, on November 21, 2024, Flores filed a letter with the Second District Court. The letter explained that

Flores had attempted to file a notice of appeal in 2016 by depositing it in the prison mail system but that it had been returned "multiple times." Enclosed with the letter was a copy of what Flores claimed was his original notice of appeal and accompanying declaration, both dated November 28, 2016. The declaration stated, "I, Joseph Flores hereby declare that I did place the foregoing Notice of Appeal in the Prison Mailbox on the 28th Day of November, 2016 . . . ." The declaration went on to state, "I declare under criminal penalty, under the law of Utah that the foregoing is true and correct . . . . Mailbox Rule considers the document filed on the day it was placed in the [D]raper prison mail box, pursuant to U.R. App. P. 21(g)." The declaration did not include a statement that postage had been prepaid. Additionally, Flores did not include any envelopes documenting the original mailing of the notice of appeal.

¶4     Generally, a notice of appeal "must be filed with the clerk of the trial court within 30 days after the date of entry of the judgment or order appealed from." Utah R. App. P. 4(a). However, the prison mailbox rule—codified in rule 21 of the Utah Rules of Appellate Procedure—deems a notice of appeal to be filed on the day it is placed in the prison mail system, giving an inmate the benefit of the doubt when it is reasonably plausible that a court document was delayed or even misplaced for some period of time in the prison mail office before being sent to the court. In 2016, at the time Flores purportedly filed his original notice of appeal, the prison mailbox rule was contained in rule 21(f) and provided as follows:

> Papers filed by an inmate confined in an institution are timely filed if they are deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a notarized statement or written declaration setting forth the date of deposit and stating that *first-class postage has been prepaid*.

*Id.* R. 21(f) (2016) (emphasis added).[1] Although Flores attempts to invoke the prison mailbox rule, that attempt fails for two reasons.

¶5　　First, Flores's declaration did not state that first-class postage had been prepaid, as required by the rule. This is not a mere technicality given that Flores claims to have had the notice of appeal returned to him "multiple times," which may have been for lack of postage.

¶6　　Second, the manner in which Flores finally filed his notice of appeal in the district court does not fall within the scope of the prison mailbox rule. The prison mailbox rule contemplates a situation in which a court document actually reaches the court for filing, albeit belatedly. In such situations, the rule permits the court to accept the filing as timely based on the inmate's declaration. In a situation like the one presented here, where a notice of appeal has allegedly been returned and then sent years later with a different letter purporting to explain the late filing, the declaration does not have the same import. Accordingly, we determine that the prison mailbox rule is applicable only in cases where a document actually reaches an appellate court directly through the prison mail system via its allegedly timely deposit into the system.[2]

---

1. In 2020, due to the addition of subsection (b), many of the subsection numbers within rule 21 were changed. *See* Utah R. App. P. 21, amendment notes. The current post-2020 version of the prison mailbox rule is substantively similar to the previous iteration, but it is now found in rule 21(g) instead of rule 21(f). *Id.* R. 21(g)(2). Notably, Flores's notice of appeal—which he claims was sent in 2016—cites to the current (post-2020) version of the rule, stating that it can be found in "U.R. App. P. 21(g)."

2. If an inmate did, in fact, deposit a document on time and comply with the institution's mailing rules but the document was improperly returned to the inmate, then the appropriate remedy

(continued…)

¶7    Because Flores's declaration did not comply with the prison mailbox rule and the notice of appeal did not come to this court directly, the prison mailbox rule does not apply, and his notice of appeal is untimely. This court lacks jurisdiction to consider an untimely appeal. *See Serrato v. Utah Transit Auth.*, 2000 UT App 299, ¶ 7, 13 P.3d 616. Accordingly, the appeal is dismissed.

———————

would be for the inmate to file a motion to reinstate the time to appeal so that the district court may consider evidence of the prison mail office's error and determine whether "the defendant was deprived of the right to appeal through no fault of the defendant." *Id.* R. 4(f)(1). Such a motion would be subject to the timeliness and other requirements of rule 4(f) of the Utah Rules of Appellate Procedure.