**STATE of Utah, Plaintiff and Appellee,**

v.

**Merle ELOGE, Defendant and Appellant.**

No. 870477.

Supreme Court of Utah.

Sept. 6, 1988.

Kevin P. Sullivan, Ogden, for defendant and appellant.

David L. Wilkinson, Christine F. Soltis, Salt Lake City, for plaintiff and appellee.

PER CURIAM:

Defendant was charged with sodomy of a child and aggravated sexual abuse of a child, first degree felonies under Utah Code Ann. §§ 76-5-403.1 and 76-5-404.1(3) (1978), respectively. He pleaded guilty to attempted sodomy of a child and attempted aggravated sexual abuse of a child and was sentenced to an indeterminate term of five years to life for each offense, the sentences to run concurrently.

Prior to entering his plea of guilty to amended informations, defendant and his counsel signed an "expiration agreement" (agreement), outlining the rights defendant waived by entry of his plea. The agreement alerted defendant to the maximum sentence that might be imposed and the trial court's discretion to disregard any recommendations for sentencing. The agreement contains no reference to presentence diagnostic or psychological evaluations, and the record first mentions such a request made by defense counsel at the sentencing hearing. The trial court questioned defendant on his knowledge of the presentence report, and defendant responded that he was aware of it and admitted to two years of abuse, not six as stated in the report. Defendant did not ask for probation or suspended sentence but did request the ninety-day evaluation. The State responded that it did not object to that evaluation. The trial court denied defendant's request after it informed him that the case had been discussed with probation staff who had interviewed both defendant and the children.

Defendant's sole issue on appeal is that the trial court abused its discretion by refusing defendant admission into a ninety-day psychological evaluation program prior to being sentenced to the Utah State Prison. He claims that the imposition of a potential life sentence requires that that sentence be based upon more than a two-hour interview with the Division of Adult

Probation and Parole. He cites *Jurek v. Texas*, 428 U.S. 262, 96 S.Ct. 2950, 49 L.Ed.2d 929 (1976), and *State v. Wood*, 648 P.2d 71 (Utah 1982), in support. Defendant believes that the trial court followed the recommendations of the presentence report without hesitation and that such conduct viewed in light of the prosecutor's statement that she had no objection to the ninety-day evaluation and of the gravity of the sentence amounted to abuse of discretion.

◼ Neither of the two cases relied upon by defendant deals with the issue of mandated psychological evaluation in a non-capital case, and we decline to extend our narrow holding in *Wood* to this case. The decision to order an additional evaluation lies within the discretion of the trial court, Utah Code Ann. § 76–3–404; *State v. Carson*, 597 P.2d 862 (Utah 1979), and unless there is a showing in the record of an abuse of discretion, this Court will affirm the sentence. In the case under review, defendant has not provided this Court with a copy of the presentence report, so there is nothing before this Court to determine whether the trial court's use of that report amounted to an abuse of discretion. Absent a record, this Court presumes regularity in the proceedings below. *State v. Robbins*, 709 P.2d 771, 773 (Utah 1985).

◼ Prior to imposing sentence, the trial court reflected that defendant had sexually assaulted a second child, that the sexual offenses had been numerous and had happened over a considerable period of time, and that the probation department had recommended immediate incarceration. The sentence, imposed within applicable statutory limits and viewed in the context of the facts before the trial court, was not so inherently unfair as to constitute an abuse of discretion.

AFFIRMED.

STEWART, J., concurs in the result.