STATE of Utah, Plaintiff and Appellee,

v.

Anthony W. BROWN, Defendant
and Appellant.

No. 870386.

Supreme Court of Utah.

March 29, 1989.

Milton T. Harmon, Nephi, for defendant and appellant.

R. Paul Van Dam, Dan R. Larsen, Salt Lake City, for plaintiff and appellee.

PER CURIAM:

Defendant entered a plea of guilty to a charge of rape of a child, a first degree felony under Utah Code Ann. § 76–5–402.1.

He was sentenced to incarceration in the Utah State Prison for not less than five years and which may be for life, the shortest minimum mandatory term for this crime under the statute. Defendant appeals, arguing that the trial court erred in denying his motion for a ninety-day diagnostic evaluation prior to sentencing. We affirm.

■ Prior to sentencing, this matter was referred to the Adult Probation and Parole Department for a presentence investigation and report. At the sentencing hearing, where defendant's counsel was allowed to read the presentence report, defendant requested a ninety-day evaluation under Utah Code Ann. § 76–3–404. In response to the motion, the trial court continued sentencing for an evidentiary hearing. At the hearing, defendant testified and the State submitted the testimony of the probation officer who had prepared the presentence report and of the social worker who had investigated the case. After hearing the testimony, the trial judge did not find that defendant was ineligible for probation under section 76–5–402.1, as defendant argues. Instead, the judge correctly noted that it is within the court's discretion to consider the nature, frequency, and duration of defendant's conduct in sentencing him. The judge found a mitigating circumstance which entitled defendant to the five-year minimum mandatory sentence, denied a ninety-day evaluation, and sentenced defendant accordingly.

■ It is within the sound discretion of the trial court to order an evaluation before passing sentence. *State v. Eloge*, 762 P.2d 1 (Utah 1988); *State v. Gerrard*, 584 P.2d 885 (Utah 1978). Unless the record shows that the trial court abused its discretion in this regard, we will not disturb the sentence. Defendant contends that the court abused its discretion in not ordering the ninety-day evaluation because it would have given the judge more information on which to base the sentence. In *State v. Carson*, 597 P.2d 862 (Utah 1979), we observed that the ninety-day evaluation which a judge may request pursuant to section

76–3–404 is "a tool available to a sentencing judge, if he 'desires more detailed information as a basis for determining the sentence to be imposed.'" *Id.* at 864. In *Carson*, we found, on the basis of the record, that the judge was sufficiently apprised of the pertinent background facts concerning the defendant to impose sentence.

██ The record in this case shows that the judge had sufficient information before him to impose an appropriate sentence. The evidence produced at the sentencing hearing did not demonstrate, as defendant urges, that he may be in need of treatment, nor does the record show, as he asserts, that the judge relinquished his sentencing discretion to the Department of Corrections by not ordering the ninety-day evaluation.

As we find no abuse of discretion in imposing sentence, the judgment and sentence are affirmed.