**STATE of Utah, Plaintiff and Appellee,**

v.

**Lawrence C. RUSSELL, Defendant and Appellant.**

**No. 880340.**

Supreme Court of Utah.

April 18, 1989.

R. Paul Van Dam, Dan R. Larsen, Salt Lake City, for plaintiff and appellee.

Stephen A. Laker, Ogden, for defendant and appellant.

PER CURIAM:

Defendant pleaded guilty to charges of aggravated burglary, a first degree felony, and conspiracy to commit aggravated kidnapping, a second degree felony. On August 15, 1988, defendant was sentenced to serve an indeterminate term of one to fifteen years in the Utah State Prison on each charge, to run concurrently. Defendant now appeals, raising as his single issue that the trial court erred in denying a ninety-day diagnostic evaluation pursuant to Utah Code Ann. § 76–3–404 (1988) and in not placing him on probation. He argues that the judge abused his discretion in light of the fact that defendant had no prior felony convictions and the trial judge acknowledged that the impact these crimes had on the victim were negligible.

■ It is within the sound discretion of the trial court to order an evaluation before passing sentence, and this Court will not disturb a sentence unless the record clearly shows an abuse of that discretion. *State v. Eloge,* 762 P.2d 1 (Utah 1988); *State v. Gerrard,* 584 P.2d 885 (Utah 1978). Defendant misperceives the purpose of the ninety-day evaluation. It is not a sentence to be used in lieu of a prison commitment, as defendant suggests. Rather, it is "a tool available to the trial judge, if he 'desires more detailed information as a basis for determining the sentence to be imposed....'" *State v. Carson,* 597 P.2d 862, 864 (Utah 1979).

■ Our review of the record shows that the judge had sufficient information on which to impose an appropriate sentence. Since we find no abuse of discretion, the

judgment of conviction and the sentence are affirmed.