2004 UT App 9

STATE of Utah, Plaintiff and Appellee,

v.

Jason THORKELSON, Defendant and Appellant.

No. 20020822–CA.

Court of Appeals of Utah.

Jan. 15, 2004.

Michael D. Esplin, Aldrich Nelson Weight & Esplin, Provo, for Appellant.

Mark L. Shurtleff, atty. gen., and Christine Soltis, asst. atty. gen., Salt Lake City, for Appellee.

Before BENCH, Associate P.J., JACKSON and ORME, JJ.

## OPINION

BENCH, Associate Presiding Judge:

¶1 Thorkelson appeals from the trial court's denial of a motion to correct illegal sentences pursuant to his guilty pleas to two counts of second degree felony forcible sexual abuse, in violation of Utah Code Annotated section 76–5–404 (1999), and to two counts of third degree felony unlawful sexual activity with a minor, in violation of Utah Code Annotated section 76–5–401 (1999). We dismiss the appeal for lack of subject matter jurisdiction.

## BACKGROUND

¶2 The facts of this case are largely uncontested. In April 2001, Thorkelson was charged with two counts of forcible sexual abuse, based on separate incidents with a seventeen-year-old girl and a fourteen-year-old girl, both of whom were patients at the Utah State Hospital where Thorkelson was employed. A preliminary hearing was scheduled for October 2001. In the interim, Thorkelson committed three additional crimes and, in September 2001, was charged with forcible sodomy of a sixteen-year-old girl and rape and forcible sodomy on a fifteen-year-old girl.

¶3 A plea bargain was reached involving all of the charges. Thorkelson pleaded guilty as charged to two counts of forcible sexual abuse, each a second degree felony. In exchange, the charges in the second case were reduced to two counts of unlawful sexual activity with a minor, third degree felonies. The trial court ordered Adult Probation and Parole (APP) to prepare a presentence investigation report (PSI), and scheduled sentencing for March 15, 2002.

¶4 In its PSI, APP recommended that Thorkelson be sentenced to prison. On the day before the scheduled sentencing, Thorkelson moved for a continuance because defense counsel was on maternity leave, and also because defense counsel believed that a psychosexual evaluation would help in determining Thorkelson's rehabilitative needs. The court granted the continuance and ordered defense counsel to contact APP to arrange for the psychosexual evaluation.

¶ 5 On April 16, 2002, the trial court received an updated PSI in which APP continued to recommend prison. APP also noted that it had only been notified of the order for a psychosexual evaluation on April 11, 2002, and had immediately arranged for an April 12, 2002 evaluation of Thorkelson with Dr. Larry Fox. Dr. Fox conducted a diagnostic interview and nine separate psychological tests on Thorkelson; however, Dr. Fox said he could not complete his written report before sentencing.

¶ 6 On April 23, 2002, Thorkelson appeared for sentencing before Judge Ray M. Harding Jr. While aware of Dr. Fox's general findings, Thorkelson moved for another continuance because Dr. Fox's written report had not yet been completed. The court denied the continuance and stated that even if Dr. Fox recommended probation, the court had already determined that probation was not appropriate based on the PSIs. Defense counsel objected, claiming that the court had to consider Dr. Fox's written report regarding Thorkelson's rehabilitative needs before it sentenced him. The court responded that Thorkelson's rehabilitative needs and treatment options were secondary to the safety of the community. Consequently, Dr. Fox's recommendations would be more valuable to the prison staff than to the court and, once the report was completed, the court would forward it to the prison.[1]

¶ 7 Before imposing sentence, the court heard from Thorkelson and his father. The court also considered sixteen letters submitted on Thorkelson's behalf. Defense counsel requested that Thorkelson be given one chance with probation and suggested that if probation was ordered, then APP could find an appropriate halfway house for Thorkelson. The court responded that a halfway house was not an option. The court then imposed two consecutive sentences of one-to-fifteen years of imprisonment in the first case and two consecutive sentences of zero-to-five years imprisonment in the second case. Each set of consecutive sentences was ordered to run consecutively to each other. Thorkelson did not appeal his sentences pursuant to rule 4(a) of the Utah Rules of Appellate Procedure.

¶ 8 Following Thorkelson's sentencing, Judge Harding was arrested for possession of a controlled substance and subsequently left the bench. Then, on August 21, 2002, Thorkelson moved to correct his sentences pursuant to rule 22(e) of the Utah Rules of Criminal Procedure. Thorkelson alleged that his sentences were illegal because the court failed to review Dr. Fox's written report, failed to consider all statutory factors before imposing consecutive sentences, and was biased against Thorkelson. Judge Gary D. Stott, substituting for Judge Harding, denied Thorkelson's motion. This appeal followed.

## ISSUES AND STANDARD OF REVIEW

¶ 9 Thorkelson argues that Judge Harding imposed an illegal sentence because (1) he deprived Thorkelson of due process by failing to review Dr. Fox's report, (2) he failed to properly apply the factors found in Utah Code Annotated section 76–3–401(2) (2002) in imposing consecutive sentences, and (3) he was biased against Thorkelson. The State contends that we lack subject matter jurisdiction to decide these issues because Thorkelson did not appeal his sentence within thirty days under rule 4(a), and that rule 22(e) is not applicable because his sentences were not illegal.[2] We review this issue for correctness. *See State v. Telford*, 2002 UT 51, ¶¶ 3–4, 48 P.3d 228 (holding that whether an illegal sentence is imposed is a question of law

---

1. The court received Dr. Fox's report shortly after sentencing. Dr. Fox found that Thorkelson did not suffer from any mental disease, and recommended that Thorkelson be deprived of any contact with teenage girls until he had made sufficient therapeutic change. Dr. Fox stated that if therapy was provided, it must occur in a setting no less secure than a residential correctional center.

2. Rule 22(e) allows courts, at any time, to review two types of sentences: (1) an illegal sentence, and (2) a sentence imposed in an illegal manner. *See* Utah R.Crim. P. 22(e). The issue of whether or not a notable distinction exists between "an illegal sentence" and "a sentence imposed in an illegal manner" is currently pending before the Utah Supreme Court. *See State v. Samora*, 2002 UT 384, 59 P.3d 604 (Ct.App.2002), *cert. granted*, 65 P.3d 1190 (Utah 2003).

reviewed on appeal without deference to the lower court ruling).

## ANALYSIS

■ ¶ 10 The State argues that this court lacks subject matter jurisdiction because the sentencing errors raised by Thorkelson are not errors reviewable under rule 22(e). Under rule 22(e), a court can correct an illegal sentence at any time. *See* Utah R.Crim. P. 22(e). If an illegal sentence has been imposed, "the court does not lose jurisdiction over the sentence until that sentence has been corrected." *State v. Montoya,* 825 P.2d 676, 679 (Utah Ct.App.1991). However, "once a court imposes a valid sentence, it loses subject matter jurisdiction over the case." *Id.* "Likewise, this court would have no jurisdiction to hear the appeal." *Id.* Therefore, "to determine whether [Thorkelson]'s appeal of his sentencing is properly before this court, we must determine whether the initial sentence was valid." *Id.* We do so by addressing each of Thorkelson's claims.

■ ¶ 11 Thorkelson first argues that he was denied due process when the court failed to adequately consider relevant mitigating evidence contained in Dr. Fox's report. Due process "requires that a sentencing judge act on reasonably reliable and relevant information in exercising discretion in fixing a sentence." *State v. Howell,* 707 P.2d 115, 118 (Utah 1985). Furthermore, it is within the discretion of the court to determine whether it has sufficient information to impose sentence. *See State v. Brown,* 771 P.2d 1067, 1067–68 (Utah 1989). In this case, the court exercised its discretion in refusing to wait for Dr. Fox's report. The record indicates that both defense counsel and the court agreed that Dr. Fox's report would address Thorkelson's rehabilitative needs, not the punishment that should be imposed. Furthermore, while a psychosexual evaluation may be useful in sentencing, it is not mandatory. *See State v. Gentlewind,* 844 P.2d 372, 375 (Utah Ct.App.1992) (recognizing that a court is not compelled to consider additional psychological information, even if relevant and helpful, if the court otherwise has sufficient information to impose sentence). Relying on the PSIs, the court "was sufficiently apprised of the pertinent background facts concerning the defendant to impose sentence," *Brown,* 771 P.2d at 1068, and, thus, there was nothing illegal about foregoing Dr. Fox's report.

■ ¶ 12 Next, Thorkelson argues that, by not reviewing Dr. Fox's report, the court failed to consider requisite statutory factors before imposing consecutive sentences. We review this issue under an abuse of discretion standard. *See State v. Helms,* 2002 UT 12,-¶¶ 8–9, 40 P.3d 626. A court abuses its discretion in imposing consecutive sentences only if "no reasonable [person] would take the view by the [sentencing] court." *State v. Gerrard,* 584 P.2d 885, 887 (Utah 1978). Section 76–3–401(2) of Utah Code Annotated provides:

In determining whether state offenses are to run concurrently or consecutively, the court shall consider the gravity and circumstances of the offenses, the number of victims, and the history, character, and rehabilitative needs of the defendant.

Utah Code Ann. § 76–3–401(2) (Supp.2002).

¶ 13 A review of the record confirms that the court did what the statute requires. While the court did not specifically refer to the above factors in its ruling, it relied on the PSIs which explicitly outlined the facts surrounding the offenses, the number of victims, and the history, character, and rehabilitative needs of Thorkelson. Thorkelson points to no relevant fact that was not properly included in the PSIs. Instead, he argues merely that the court could not have fully considered his rehabilitative needs absent Dr. Fox's report. As noted earlier, Dr. Fox's report was not mandatory. Therefore, there is nothing illegal about imposing consecutive sentences.

■ ¶ 14 Finally, Thorkelson alleges that Judge Harding demonstrated improper bias against him when, for instance, Judge Harding expressed his view that probation was not an option. However, Thorkelson ignores that a court necessarily makes a personal determination whenever it imposes sentence. *See State v. Bluff,* 2002 UT 66,-¶ 66, 52 P.3d 1210, *cert. denied,* 537 U.S. 1172, 123 S.Ct. 999, 154 L.Ed.2d 914 (2003) (recognizing that " 'sentencing reflects the personal judgment of the court' " (citation

omitted)). Furthermore, " 'neither bias nor prejudice refers to an attitude that a judge may hold about the subject matter of a lawsuit.' " *In re Young,* 1999 UT 81, ¶ 35, 984 P.2d 997 (citation omitted). Here, Judge Harding found that the crimes Thorkelson committed and their circumstances warranted the maximum penalty allowed under the law. Hence, there was nothing illegal about the sentences.

¶ 15 While rule 22(e) allows a court to review an illegal sentence at any time, it must be "narrowly circumscribed" to prevent abuse. *State v. Telford,* 2002 UT 51, ¶ 5, 48 P.3d 228. The Utah Supreme Court has held that a rule 22(e) illegal sentence is a "patently" illegal sentence, *State v. Brooks,* 908 P.2d 856, 860 (Utah 1995), or a "manifestly" illegal sentence, *Telford,* 2002 UT 51 at ¶ 5, 48 P.3d 228. A "patently" or "manifestly" illegal sentence generally occurs in one of two situations: (1) where the sentencing court has no jurisdiction, or (2) where the sentence is beyond the authorized statutory range. *See id.* at n. 1. Thorkelson's challenges to his sentences involve neither situation. Rather, the errors raised by Thorkelson can be described as ordinary or "run-of-the-mill" errors regularly reviewed on appeal under rule 4(a) of the Utah Rules of Appellate Procedure.

¶ 16 Under rule 4(a), Thorkelson had just thirty days following his sentencing to appeal the errors he claims here. Sentencing occurred on April 23, 2002, and Defendant filed his notice of appeal on October 5, 2002. Thorkelson therefore significantly exceeded the thirty-day period allowed for review under rule 4(a). The failure to timely appeal under rule 4(a) does not permit Thorkelson to raise his claims under a rule 22(e) motion. Allowing him to do so would undermine the purpose of rule 4(a) and negate the narrow scope of rule 22(e).

## CONCLUSION

¶ 17 Jurisdiction to correct Thorkelson's sentence must be "based on an illegality or voidness in the initial sentence, and because the initial sentence was legal, the sentencing court lost subject matter jurisdiction over Thorkelson's sentence." *State v. Montoya,* 825 P.2d 676, 680 (Utah Ct.App.1991). Moreover, because Thorkelson's claims are sentencing errors not reviewable under rule 22(e), we have no jurisdiction to hear this appeal.

We therefore dismiss the appeal.

¶ 18 WE CONCUR: NORMAN H. JACKSON, Judge and GREGORY K. ORME, Judge.