2011 UT App 15

**STATE of Utah, Plaintiff and Appellant,**

v.

**Timothy Michael HOWARD,
Defendant and Appellee.**

No. 20090911–CA.

Court of Appeals of Utah.

Jan. 21, 2011.

Aric Cramer, St. George, for Appellee.

Mark L. Shurtleff and Laura B. Dupaix, Salt Lake City, for Appellant.

Before Judges DAVIS, McHUGH, and THORNE.

## DECISION

PER CURIAM:

¶1 The State of Utah appeals the district court's sentence entered on October 1, 2009. We reverse and remand.

¶2 Utah Code section 77–27–21.5(16)(a)(ii) provides, in relevant part, that a sex offender who knowingly fails to register as a sex offender shall be sentenced to serve a term of incarceration for not fewer than ninety days, and also, at least one year of probation if the offender is required to register for a misdemeanor conviction. *See* Utah Code Ann. § 77–27–21.5(16)(a)(ii) (Supp.2009).[1] Section 77–27–21.5(16)(b) provides that neither the court nor the Board of Pardons and Parole may release a person who violates this section from serving the minimum ninety-day term required under Subsection (16)(a). *See id.* § 77–27–21.5(16)(b).

¶3 Rule 22(e) of the Utah Rules of Appellate Procedure provides that this court may correct an illegal sentence, or a sentence imposed in an illegal manner, at any time. *See* Utah R.App. P. 22(e). A sentence is illegal, and therefore void, when it is "beyond the authorized statutory range." *State v. Thorkelson,* 2004 UT App 9, ¶15, 84 P.3d 854. The Utah Supreme Court has clarified that a sentence less than a sentence mandated by statute constitutes an illegal sentence because it does not comply with the requirements of the statute. *See State v. Babbel,* 813 P.2d 86, 87 (Utah 1991).

¶4 In May of 2009, Howard pleaded guilty to a class A misdemeanor for failure to register as a sex offender under Utah Code sec-

---

1. At the time Howard was charged, this section was numbered Utah Code Ann. § 77–27– 21.5(14)(a).

tion 77–27–21.5. The State requested that the district court impose the mandatory ninety-day sentence under section 77–27–21.5(16)(a)(ii). *See* Utah Code Ann. § 77–27–21.5(16)(a)(ii). The district court initially imposed a one-year sentence. However, the district court suspended the sentence, instead imposing probation and ordering Howard to serve four days in jail with credit for time served. Because the district court released Howard from serving the required term of incarceration under section 77–27–21.5(16)(a)(ii), the district court's sentence was outside the authorized statutory range and constituted an illegal sentence. *See State v. Dana*, 2010 UT App 374, ¶ 8, 672 Utah Adv. Rep. 5.

¶ 5 Accordingly, the district court's October 1, 2009 sentence is reversed. This matter is remanded to the district court for the limited purpose of correcting the sentence by imposing—without suspending—a minimum ninety-day jail term.