2011 UT App 344

**STATE of Utah, Plaintiff and Appellee,**

v.

**Robert Michael CLARK, Defendant and Appellant.**

**No. 20100838–CA.**

Court of Appeals of Utah.

Oct. 14, 2011.

Taylor C. Hartley, Highland, for Appellant.

Mark L. Shurtleff and Andrew F. Peterson, Salt Lake City, for Appellee.

Before Judges ORME, THORNE, and CHRISTIANSEN.

---

1.  Utah Code section 77–13–6 requires that a defendant file a motion to withdraw his or her guilty plea before the sentence is announced. *See* Utah Code Ann. § 77–13–6(2)(b) (2008). Absent a timely motion to withdraw a guilty plea, this court does not have jurisdiction over a direct appeal challenging the validity of a plea. *See State v. Merrill*, 2005 UT 34, ¶¶ 13–20, 114 P.3d 585.

## DECISION

PER CURIAM:

¶ 1 Robert Michael Clark appeals the district court's August 19, 2010 order denying his rule 22(e) motion to correct an illegal sentence. We affirm.

¶ 2 Clark pleaded guilty on September 26, 2006, and he was sentenced on February 12, 2007. Clark failed to file a motion to withdraw his guilty plea prior to sentencing.[1] Much later, Clark filed a rule 22(e) motion to correct an illegal sentence in the district court. Rule 22(e) provides that a court "may correct an illegal sentence, or a sentence imposed in an illegal manner, at any time." Utah R.Crim. P. 22(e). "An illegal sentence is one which is ambiguous with respect to the time and manner in which the sentence is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence which the judgment of conviction did not authorize." *State v. Yazzie*, 2009 UT 14, ¶ 13, 203 P.3d 984. On August 19, 2010, the district court denied Clark's rule 22(e) motion challenging the legality of his sentence. Clark timely appealed the district court's order denying his rule 22(e) motion.

¶ 3 Clark asserts that the district court erred by failing to hold an evidentiary hearing on his rule 22(e) motion so that the district court could receive testimony regarding whether the State recommended that Clark's sentences should run concurrently. Clark also asserts that based on the State's recommendation that his sentences should run concurrently, the district court's decision to order Clark to serve consecutive sentences rendered his sentences illegal.[2]

¶ 4 Clark is incorrect. A sentence that does not follow the sentencing recommendations in a plea agreement does not constitute

---

2.  Additionally, Clark cursorily asserts that the district court did not sufficiently articulate its basis for imposing consecutive sentences. However, the record indicates that the district court considered the appropriate factors under Utah Code section 76–3–401(2), including a review of the presentence investigation report. *See State v. Thorkelson*, 2004 UT App 9, ¶ 13, 84 P.3d 854.

an illegal sentence. *See State v. Kragh,* 2011 UT App 108, ¶ 10, 255 P.3d 685. A district court retains the discretion to impose a sentence that varies from the recommendations in a plea agreement, so long as the sentence that is ultimately imposed is authorized by statute. *See id.* ¶ 8; *see also State v. Thurston,* 781 P.2d 1296, 1300 (Utah Ct.App.1989) ("The entire sentencing process is a search for truth and an evaluation of alternatives. Therefore, any recommendations of the prosecutor or any other party are not binding on the [district] court.").

¶ 5 Accordingly, the district court's August 19, 2010 order is affirmed.[3]

---

**3.** The district court also properly determined that because Clark had not filed a timely motion to withdraw his guilty plea, any challenges to the validity of Clark's plea or underlying conviction would have to be pursued through the Post–Conviction Remedies Act. *See* Utah Code Ann. § 77–13–6(3) (West 2010).