2011 UT App 411

**STATE of Utah, Plaintiff and Appellee,**

v.

**Raymond Harvey VAUGHN, Defendant and Appellant.**

No. 20100772–CA.

Court of Appeals of Utah.

Dec. 1, 2011.

---

John Pace, Salt Lake City, for Appellant.

Mark L. Shurtleff and Marian Decker, Salt Lake City, for Appellee.

Before Judges McHUGH, VOROS, and CHRISTIANSEN.

OPINION

McHUGH, Associate Presiding Judge:

¶ 1 Raymond Harvey Vaughn appeals his sentences for two class A misdemeanors: sexual abuse of a minor, *see* Utah Code Ann. § 76–5–401.1 (2008), and enticing a minor

over the Internet, *see id.* § 76–4–401. Vaughn argues that trial counsel rendered ineffective assistance by seeking consecutive rather than concurrent sentences and by requesting that the sentences be served in prison rather than in jail. He also argues that the sentences were illegal because the trial court lacked jurisdiction to order the Utah State Prison to immediately enroll Vaughn in sex offender treatment and mental health treatment. We dismiss both claims for lack of subject matter jurisdiction.

## BACKGROUND

¶ 2 In April 2008, Vaughn pleaded guilty to sexual abuse of a minor in violation of Utah Code section 76–5–401.1 (the 2008 charge). *See id.* § 76–5–401.1. Vaughn was sentenced to 365 days in jail with credit for three days of time served. The court suspended this sentence and placed Vaughn on probation for thirty-six months. In 2009, the State charged Vaughn with enticing a minor over the Internet in violation of Utah Code section 76–4–401 (the 2009 charge), *see id.* § 76–4–401, to which Vaughn pleaded guilty in October 2009.

¶ 3 After Vaughn's guilty plea to the 2009 charge, a single sentencing and revocation hearing was held regarding both cases. At that hearing on December 1, 2009, defense counsel represented that Vaughn wished to serve his sentences at the Utah State Prison with the hope that there would be "a better option of getting treatment [at the Utah State Prison] than [in Tooele County]." The State agreed that the prison would be more likely to provide such treatment and indicated that a therapist who had examined Vaughn also believed prison was the only place Vaughn "c[ould] have structure and get the treatment" he needed. Recognizing that Adult Probation and Parole had recommended that Vaughn's two sentences run consecutively, defense counsel suggested that the sentences be "close to that year mark or a year and a day to make sure that jurisdictionally it's the correct thing to do, but that [the court] not extend that time too much." In response, the State expressed concern that if the sentences ran concurrently, there might not be enough time for Vaughn to

receive treatment at the prison and that it feared that the prison "[wouldn't] do anything and they'll just parole [him]." Vaughn's counsel then indicated that Vaughn "want[ed him] to actually ask the [c]ourt for a two-year sentence at the prison." Although defense counsel felt compelled to communicate Vaughn's request, he also informed the trial court that Vaughn was constitutionally entitled to credit for time served, thereby calling into question whether the sentences could be a full two years.

¶ 4 The trial court sentenced Vaughn to an indeterminate term not to exceed one year on the 2009 charge and revoked Vaughn's probation with respect to the 2008 charge, thereby reinstating Vaughn's 365–day sentence. In both instances, Vaughn was given appropriate reductions in his sentences for time served. The trial court also ordered that the sentences run consecutively and that Vaughn's commitment be served at the prison. The trial court then stated,

> I'm going to order the Department of Corrections to get Mr. Vaughn into sex offender treatment and mental health treatment in the prison as soon as possible, and not follow their normal course which is to let him serve most of his commitment before they get him into treatment. . . . I want the treatment to start as soon as he can be put into that program. I want that in the commitment.

In response, Vaughn personally expressed his satisfaction, stating,

> I know if I don't get this prison sentence, I will be back in jail or I will end up doing something that will send me to prison, so I think I need a rude awakening. So I just hope that you will give me this chance to get my life on track.

¶ 5 Shortly after the hearing, the trial court executed a "Minutes Post Sentencing Judgment/Commitment Sentence, Judgment, Commitment" (Post Sentencing Judgment/Commitment) for each crime. The Post Sentencing Judgment/Commitments each include a "Post Sentence Jail Note," stating, "[T]he Court orders the prison to immediately enroll [Vaughn] into sex offender and mental health treatment."

¶ 6 Approximately eight months after sentencing, on July 27, 2010, the trial court held a review hearing because Vaughn had not been placed in a treatment program at the prison and wanted to be released. After receiving information from defense counsel that Vaughn had only thirty-nine days left to serve on his sentences,[1] the trial court ordered the "case closed" and purported to terminate Vaughn's sentences.

¶ 7 A week later, the trial court held another review hearing that was attended by counsel for the Board of Pardons and Parole (the Board), who argued that the Board had jurisdiction over Vaughn's release pursuant to Utah Code section 77–27–5(1)(a). *See* Utah Code Ann. § 77–27–5(1)(a) (Supp.2011)[2] ("The Board of Pardons and Parole shall determine by majority decision when and under what conditions ... persons committed to serve sentences in class A misdemeanor cases at penal or correctional facilities which are under the jurisdiction of the Department of Corrections ... may ... [have] their sentences commuted or terminated."). Thus, the Board asserted that the trial court was without jurisdiction to terminate Vaughn's sentences at the earlier hearing. The trial court was persuaded and reinstated Vaughn's sentences. In doing so, the trial court clarified that Vaughn's sentences were to run consecutively, meaning that he still had "a year to serve."

## ISSUES AND STANDARDS OF REVIEW

¶ 8 On appeal, Vaughn first argues that trial counsel rendered ineffective assistance by asking the trial court for consecutive sentences to be served in prison, rather than concurrent sentences to be served in jail. Generally, we review " '[a]n ineffective assistance of counsel claim raised for the first time on appeal ... [as] a question of law.' " *State v. Perry*, 2009 UT App 51, ¶ 9, 204 P.3d 880 (quoting *State v. Clark*, 2004 UT 25, ¶ 6, 89 P.3d 162). However, if Vaughn's appeal is

untimely, we lack subject matter jurisdiction to consider this issue on the merits and must dismiss Vaughn's appeal of this issue. *See State v. Bowers*, 2002 UT 100, ¶¶ 4–5, 57 P.3d 1065.

¶ 9 Next, Vaughn contends that the inclusion of the Post Sentence Jail Notes in the Post Sentencing Judgment/Commitments renders his sentences illegal because the trial court lacked jurisdiction to order the prison to place Vaughn in treatment programs. Whether a sentence is illegal "presents a question of law that we review for correctness." *State v. Dana*, 2010 UT App 374, ¶ 3, 246 P.3d 756.

## ANALYSIS

I. If Vaughn's Sentences Are Valid, His Appeal Is Untimely.

¶ 10 Under rule 4(a) of the Utah Rules of Appellate Procedure, an appeal as of right from the trial court ordinarily must "be filed with the clerk of the trial court within [thirty] days after the date of entry of the judgment or order appealed from." Utah R.App. P. 4(a). "In a criminal case, it is *'the sentence itself* which constitutes a final judgment from which appellant has the right to appeal.' " *Bowers*, 2002 UT 100, ¶ 4, 57 P.3d 1065, (quoting *State v. Gerrard*, 584 P.2d 885, 886 (Utah 1978)). " '[T]he [thirty]-day period for filing an appeal in a criminal case ... is jurisdictional and cannot be enlarged by this [c]ourt.' " *Id.* ¶ 5 (third alteration in original) (omission in original). Accordingly, "failure to perfect an appeal is a jurisdictional failure requiring dismissal of the appeal." *Id.* Utah Code section 77–18a–1(1)(b) provides, however, that a defendant may appeal as of right from "an order made after judgment that affects the substantial rights of the defendant." Utah Code Ann. § 77–18a–1(1)(b) (2008). Vaughn contends that he had thirty days to appeal from the August 3, 2010 hearing[3] because it resulted in a post-

---

1. Although defense counsel argued only thirty-nine days remained on the sentences at that time, defense counsel erroneously assumed the sentences were being served concurrently, rather than consecutively.

2. Because the material provisions of the statute have not changed, we cite to the current version of the Utah Code for the convenience of the reader.

3. The trial court's minutes reflect that this hearing was held on August 5, 2010, but the tran-

judgment order that "affected [his] substantial rights."

¶ 11 At the August 3, 2010 hearing, the trial court considered the effect of its July 27, 2010 ruling, which purported to "terminate Mr. Vaughn's sentence[s]." The trial court correctly determined that it had lacked jurisdiction to terminate Vaughn's sentences when it attempted to do so at the July 27, 2010 hearing. *See generally* Utah Code Ann. § 77-27-5 ("The Board ... shall determine by majority decision when and under what conditions ... persons committed to serve sentences in class A misdemeanor cases ... may be released upon parole ... or their sentences commuted or terminated."); *State v. Schultz*, 2002 UT App 297, ¶ 8, 56 P.3d 974 ("An action to terminate a prison sentence and parole supervision is within the exclusive authority of the Board."). Indeed, "[o]nce a court imposes a valid sentence, it loses subject matter jurisdiction over the case." *State v. Montoya*, 825 P.2d 676, 679 (Utah Ct.App. 1991).

¶ 12 A judgment or order entered by a court lacking subject matter jurisdiction is void and does not affect the rights of any party. *See Van Der Stappen v. Van Der Stappen*, 815 P.2d 1335, 1337 (Utah Ct.App. 1991); *see also Johnson v. Johnson*, 2010 UT 28, ¶¶ 8-9, 234 P.3d 1100 (holding that, without subject matter jurisdiction, a court is without authority to adjudicate the case). The trial court lost jurisdiction over Vaughn upon sentencing him to prison. *See Montoya*, 825 P.2d at 679. As a result, its July 27, 2010 order was void and neither it, nor the trial court's August 3, 2010 ruling rescinding that order, had any effect on Vaughn's substantial rights. Consequently, the trial court's decisions at the two review hearings did not expand the time in which Vaughn could challenge the effectiveness of his counsel in a direct appeal.

¶ 13 In sum, Vaughn did not file his appeal within thirty days of the trial court's sentences imposed on December 1, 2009. Unless those sentences were invalid, Vaughn's appeal is untimely and we lack jurisdiction to consider it. *See* Utah R.App. P. 4(a); *see also Serrato v. Utah Transit Auth.*, 2000 UT App 299, ¶ 7, 13 P.3d 616 (holding that where we lack subject matter jurisdiction, we have the power only to dismiss the appeal); *Montoya*, 825 P.2d at 679. We now consider whether Vaughn's sentences are illegal.

## II. Vaughn's Sentences Are Not Illegal.

¶ 14 Under rule 22(e) of the Utah Rules of Criminal Procedure, the trial court "may correct an illegal sentence, or a sentence imposed in an illegal manner, at any time." Utah R.Crim. P. 22(e). "If an illegal sentence has been imposed, 'the court does not lose jurisdiction over the sentence until that sentence has been corrected.'" *State v. Thorkelson*, 2004 UT App 9, ¶ 10, 84 P.3d 854 (quoting *Montoya*, 825 P.2d at 679). "Therefore, to determine whether [Vaughn]'s appeal of his sentencing is properly before this court, we must determine whether the initial sentence[s were] valid." *Id.*

¶ 15 In determining whether a sentence is illegal, "appellate courts are cautious to narrowly circumscribe[ ] rule 22(e) claims to prevent abuse." *State v. Dana*, 2010 UT App 374, ¶ 5, 246 P.3d 756 (alteration in original) (internal quotation marks omitted). A sentence can be challenged under rule 22(e) if the sentence is "manifestly or patently illegal." *See State v. Candedo*, 2010 UT 32, ¶ 9, 232 P.3d 1008. "A patently or manifestly illegal sentence generally occurs in one of two situations: (1) where the sentencing court has no jurisdiction, or (2) where the sentence is beyond the authorized statutory range." *Thorkelson*, 2004 UT App 9, ¶ 15, 84 P.3d 854 (internal quotation marks omitted). The Utah Supreme Court has further provided that a sentence is illegal if it is "ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence which the judgment of conviction did not authorize." *State v. Yazzie*, 2009 UT 14, ¶ 13, 203 P.3d 984 (citing *United States v. Dougherty*, 106 F.3d 1514, 1515 (10th Cir.

script indicates the hearing was held on August 3, 2010. This discrepancy does not affect the timing of the appeal, so we assume that the trial transcript is correct.

1997)). However, patently or manifestly illegal sentences must be distinguished from "ordinary" or "run-of-the-mill errors" that are "regularly reviewed on appeal under rule 4(a) of the Utah Rules of Appellate Procedure." *See Thorkelson*, 2004 UT App 9, ¶ 15, 84 P.3d 854; Utah R.App. P. 4(a).

¶ 16 Vaughn pleaded guilty to two class A misdemeanors. Under Utah Code section 76–3–204(1), "[a] person who has been convicted of a misdemeanor may be sentenced to imprisonment ... for a term not exceeding one year." Utah Code Ann. § 76–3–204(1) (2008). Additionally, the trial court has discretion in determining whether multiple misdemeanor offenses should run consecutively or concurrently. *See id.* § 76–3–401(2), (11). In making that determination, "the court shall consider the gravity and circumstances of the offenses, the number of victims, and the history, character, and rehabilitative needs of the defendant." *Id.* § 76–3–401(2). Furthermore, at the time of Vaughn's sentencing, Utah Code section 76–3–208(1)(b)(i) provided that "class A misdemeanor commitments shall be to the jail ... unless the defendant consents to commitment to the Utah State Prison for an indeterminate term not to exceed one year."[4] *Id.* § 76–3–208(1)(b)(i) (2008) (current version at *id.* § 76–3–208(1)(b)(i) (Supp.2011)).[5] Vaughn's only challenge to the legality of his sentences is that the trial court lacked jurisdiction to order the prison to enroll him in treatment programs. While we agree that the trial court lacked jurisdiction to do so, we conclude that the trial court's order to the prison was not a part of Vaughn's sentences.

¶ 17 As discussed, after sentencing, trial courts lose subject matter jurisdiction over a case. *See State v. Montoya*, 825 P.2d 676, 679 (Utah Ct.App.1991); *see also* Utah Code Ann. § 64–13–7 (2008) ("All offenders committed for incarceration in a state correctional facility, for supervision on probation or parole, or for evaluation, shall be placed in the custody of the [D]epartment [of Corrections]."). This includes the loss of any power of the trial court to dictate the treatment offered to a defendant during his incarceration. As Justice Durham has explained,

> Wh[ile] placing [a] defendant in a treatment facility would ensure the provision of psychological and/or rehabilitative attention, the judge's recommendation of special treatment for defendant in prison is not likely to have any effect at all; it is merely a recommendation which prison officials will either follow or ignore at their complete discretion. The trial court loses all jurisdiction over persons sentenced to prison.

*State v. Anderson*, 789 P.2d 27, 32 (Utah 1990) (Durham, J., concurring).[6] Once an offender is committed for incarceration, it is the Department of Corrections that "is responsible for the appropriate assignment ... of public offenders to ... programs." Utah Code Ann. § 64–13–7. More specifically, the Utah Legislature has provided that the Department of Corrections shall "provide treatment for sex offenders who are found to be treatable based upon criteria developed by the department." *Id.* § 64–13–6(d) (Supp. 2011). Additionally, the statute contemplates that determinations as to how programs and treatments are to be administered is to be made after sentencing. *See id.* § 64–13–6 to –7. Because such decisions are postsen-

---

4. Although Vaughn's overall commitment has exceeded one year, these sentences do not violate Utah Code section 76–3–208(1)(b)(i) because his misdemeanor sentences ran consecutively and the individual sentence for each crime did not exceed one year. Further, Vaughn does not contend that serving multiple terms at the Utah State Prison consecutively for a total period of commitment that exceeds one year violates section 76–3–208(1)(b)(i).

5. Utah Code section 76–3–208(1)(b)(i) was amended in 2011. *See* Utah Code Ann. § 76–3–208(1)(b)(i) amend. notes (Supp. 2011). The amendments eliminated the language that states, "consents to commitment to the Utah State Prison," by substituting "is also serving a felony commitment at the Utah State Prison at the commencement of the class A misdemeanor conviction, in which case, the class A misdemeanor commitment shall be to the Utah State Prison." *See id.*

6. The trial court loses all jurisdiction over persons sentenced to prison, except as provided by statute. *See, e.g.,* Utah Code Ann. § 77–18–8.3 (Supp.2011) (providing that the trial court may prohibit a defendant from engaging in certain "profit or benefit generating activity" during incarceration).

tencing matters, the trial court lacked jurisdiction to order the Department of Corrections to enroll Vaughn in treatment. *See Montoya*, 825 P.2d at 679; *see also* Utah Code Ann. § 64-13-7.

¶ 18 It therefore follows that Vaughn's sentences are not illegal because the trial court's Post Sentence Jail Notes were just that: orders entered after sentencing. "In the technical legal sense, sentence is ordinarily synonymous with judgment, and denotes the action of a court of criminal jurisdiction formally declaring to the accused the legal consequences of the guilt which he has confessed or of which he has been convicted." *State v. Fedder*, 1 Utah 2d 117, 262 P.2d 753, 755 (1953). Under this definition, a sentence is the action where the court declares "to the *accused* the legal consequences of ... guilt." *See id.* (emphasis added). While other parties may assume responsibilities as a result of the defendant's sentence, only the defendant's punishment or the legal consequences of his guilt constitute the actual sentence. *See id.*

¶ 19 Here, although the court purported to order the Utah State Prison to enroll Vaughn in treatment, this was not a part of the sentences because it was not a punishment imposed on Vaughn. *See id.; see also* Utah R.Crim. P. 22. Although Vaughn did explain that he was requesting a two-year prison sentence in the hope of receiving treatment, he did not condition that request on a guarantee that he receive sex offender or mental health treatment.[7] Instead, Vaughn understood only that this would give him a better chance of receiving treatment. Indeed, the trial court's announcement that it was going to order the prison to put Vaughn into treatment programs immediately was without any prompting or request by either side. And it was made after Vaughn had already asked for a two-year prison sentence.

¶ 20 Vaughn's sentences consisted solely of the two consecutive terms that he was to serve in prison, which were validly imposed according to statute. The trial court's Post Sentence Jail Notes were nothing more than an attempt to assist Vaughn in getting the treatment that he hoped to receive. Accordingly, the trial court's Post Sentence Jail Notes were a recommendation regarding treatment; they did not render Vaughn's *sentences* unauthorized by statute or outside the trial court's jurisdiction. Therefore, Vaughn's sentences were not patently or manifestly illegal under rule 22(e). *See State v. Thorkelson*, 2004 UT App 9, ¶ 15, 84 P.3d 854.

## CONCLUSION

¶ 21 Although the trial court lacked jurisdiction to order the Department of Corrections to enroll Vaughn in treatment programs at the prison, the Post Sentence Jail Notes were not a part of Vaughn's sentences. Because the trial court had jurisdiction and acted within its statutory authority when it sentenced Vaughn to serve two consecutive sentences at the Utah State Prison, Vaughn's sentences were not illegal and we lack jurisdiction under rule 22(e) of the Utah Rules of Criminal Procedure.

¶ 22 We are likewise without jurisdiction to consider Vaughn's claim of ineffective assistance of counsel because his appeal was filed more than thirty days after the imposition of valid sentences. *See* Utah Code Ann. § 77-18a-1(1)(b) (2008); Utah R.App. P. 4(a). Furthermore, because the trial court lacked jurisdiction to terminate Vaughn's sentences or to rescind that order, those acts are a nullity that did not substantially affect Vaughn's sentences. Consequently, Vaughn's time for filing his appeal was not extended.

¶ 23 Dismissed for lack of jurisdiction.

¶ 24 WE CONCUR: J. FREDERIC VOROS JR. and MICHELE M. CHRISTIANSEN, Judges.

---

**7.** Although Vaughn asserts on appeal that defense counsel mistakenly believed the trial court had jurisdiction to order the Utah State Prison to provide treatment to Vaughn, the transcript does not support that conclusion. Rather, both defense counsel and the State acknowledged that the two-year prison sentence would merely increase Vaughn's chance of receiving treatment. Indeed, both indicated some concern that treatment might never be provided.