2014 UT App 46

**STATE of Utah, Plaintiff and Appellee,**

v.

**Steven SULZ, Defendant and Appellant.**

**No. 20121072–CA.**

Court of Appeals of Utah.

Feb. 21, 2014.

Douglas J. Thompson, for Appellant.

Sean D. Reyes, Salt Lake City, and John J. Nielsen, for Appellee.

Judge STEPHEN L. ROTH authored this Memorandum Decision, in which Judges J. FREDERIC VOROS JR. and JOHN A. PEARCE concurred.

Memorandum Decision

ROTH, Judge:

¶1 Steven Sulz appeals from the district court's sua sponte correction of his prison sentence. We affirm.

¶2 Sulz engaged in a series of criminal acts that led to numerous charges in the district court. On November 4, 2010, Sulz pleaded guilty to distribution of or arranging to distribute heroin, a second degree felony, Utah Code Ann. § 58–37–8(1)(b)(i) (Lexis-Nexis 2012), in exchange for dismissal of five other drug-related charges. The plea form specifically identified distribution of heroin as a second degree felony subject to a sentence of one to fifteen years in prison. During the plea colloquy, the court confirmed that Sulz understood that pleading guilty to a second degree felony would result in a one-to-fifteen-year prison term. At the same hearing, the court accepted guilty pleas in a separate case (the second case) for charges of third degree felony distribution of marijuana and class A misdemeanor fraud. Although the court sentenced Sulz on two other cases that day, it set a later date for sentencing on the charges to which he had just pleaded.

¶3 On December 16, 2010, the district court sentenced Sulz on the heroin distribution conviction as well as on the two convictions in the second case.[1] When pronouncing sentence on the heroin distribution charge, the district court identified Sulz's conviction as "a single *third degree* felony" and sentenced him to "zero to five [years] at the Utah State prison." (Emphasis added.) In the second case, the court identified the marijuana distribution charge as "a second degree felony," instead of a third degree felony, and sentenced Sulz to "[o]ne to 15 years in the Utah State Prison" on that conviction.

---

1. The district court also sentenced Sulz in a third case, but that sentence is not pertinent to the issue presented on appeal.

The court ordered the sentences to run concurrently with each other but consecutive to the sentences it had imposed on November 4. The court then suspended the prison sentences and placed Sulz on probation for thirty-six months. A minute entry of the proceeding indicates that the court sentenced Sulz on the distribution of heroin conviction as a second degree felony, consistent with his plea, but listed the prison sentence as zero to five years, as the court had stated. Sulz never asked for a reduction of sentence under Utah Code section 76–3–402 (section 402). *See id.* § 76–3–402 (providing a sentencing court discretion to reduce the degree of the conviction by one degree and to sentence accordingly).

¶ 4 Approximately two years later, after multiple probation violations, including the commission of several new felonies, the district court revoked Sulz's probation and imposed the suspended prison sentences. At the revocation hearing, the court sua sponte noted an error in its original sentence on the heroin distribution conviction. Specifically, the court stated that it was "obviously incorrect" to have imposed a sentence of zero to five years for distribution of heroin, which is a second degree felony. The court explained that the sentence was "something [it had] to correct" because a sentence that did not comply with the statutory term was illegal. After a short recess, defense counsel agreed that the sentence was incorrect but asserted that "[t]heoretically, the Court could have granted [a sentence reduction under section] 402 at the time of sentencing that wasn't on the record." The district court disagreed, explaining that Sulz never requested a sentence reduction and that it was never the court's intention to reduce Sulz's sentence. The court then changed the sentence on the heroin distribution conviction to one-to-fifteen-years imprisonment and ordered Sulz committed to the Utah State Prison.

¶ 5 According to Sulz, the district court did not have the authority to retroactively change his sentence because "[o]nce a court imposes a valid sentence, it loses subject matter jurisdiction over the case." *See State v. Vaughn,* 2011 UT App 411, ¶ 11, 266 P.3d 202 (alteration in original) (citation and internal quotation marks omitted). Sulz asserts that the original sentence was "valid" because, at the time of the original sentencing, the district court had the authority under section 402 to reduce his conviction one degree—from a second to a third degree felony. Normally, a second degree felony conviction carries a prison term of one to fifteen years. Utah Code Ann. § 76–3–203(2). Section 402, however, provides,

> If at the time of sentencing the court, having regard to the nature and circumstances of the offense of which the defendant was found guilty and to the history and character of the defendant, and after having given any victims present at the sentencing and the prosecuting attorney an opportunity to be heard, concludes it would be unduly harsh to record the conviction as being for that degree of offense established by statute, the court may enter a judgment of conviction for the next lower degree of offense and impose sentence accordingly.

*Id.* § 76–3–402(1). Thus, Sulz asserts, because reduction of a second degree felony to a third degree felony is authorized by section 402, the district court's modification of Sulz's sentence was improper under rule 22 of the Utah Rules of Criminal Procedure, which permits only the "correct[ion of] an illegal sentence," Utah R.Crim. P. 22(e). The State responds that, under the circumstances, the district court simply exercised its authority under rule 30 of the rules of criminal procedure to correct a clerical error in the sentence. We agree with the State that the unique circumstances of the case make the district court's change to the sentence merely a correction of clerical error.[2] Our conclusion also eliminates any need to reach the

---

2. The State filed a motion for summary dismissal of Sulz's appeal rather than a brief. Sulz filed a reply brief, in which he contends that the State's motion is not responsive to the claims he raised in his opening brief and requests that the motion be stricken. We treat the State's motion as a responsive brief but note that even if we disregarded the State's filing, we would not be persuaded by Sulz's arguments. The motion for summary dismissal is mooted by our decision here.

question of whether the original sentence was illegal under rule 22.

¶ 6 Rule 30(b) of the Utah Rules of Criminal Procedure authorizes the district court, at any time, to correct "[c]lerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission." *Id.* R. 30(b). "A clerical error, as contradistinguished from judicial error, is not the deliberate result of the exercise of judicial reasoning and determination." *State v. Lorrah,* 761 P.2d 1388, 1389 (Utah 1988) (per curiam) (citation and internal quotation marks omitted). To assess whether an error is clerical, we focus on "(1) whether the order or judgment that was rendered reflects what was done or intended, (2) whether the error is the result of judicial reasoning and decision making, and (3) whether the error is clear from the record." *State v. Rodrigues,* 2009 UT 62, ¶ 14, 218 P.3d 610.

¶ 7 The court's original zero-to-five-year sentence was a clerical error. Sulz entered a plea to second degree felony heroin distribution and signed a plea agreement that expressly stated that he was facing one to fifteen years in prison. The district court accepted this plea and set sentencing for a future date along with sentencing on the second case, which included a third degree felony conviction for distribution of marijuana. At the sentencing hearing, the court apparently transposed the degrees of conviction for the heroin and marijuana distribution convictions, mistakenly imposing the sentence for a third degree felony on the heroin distribution conviction and the sentence for a second degree felony on the distribution of marijuana conviction. Sulz never requested a section 402 reduction in the degree of his heroin distribution conviction, and the minute entry from the December 2010 hearing, while recording the court's pronouncement that Sulz was to serve zero to five years in prison, states that the sentence was for a second degree felony, not a third. At the subsequent probation revocation hearing, the court

notified the parties of its error and indicated that because it had not intended to reduce Sulz's conviction, it had to "correct" the error.[3] On this record, it is apparent that the court originally intended to sentence Sulz on a second degree felony conviction, consistent with the parties' expectations, and that it simply made a mistake in carrying out that intent. Accordingly, all three parts of the *Rodrigues* test lead us to conclude that the district court's error in sentencing Sulz was clerical. *See id.*

¶ 8 This determination is consistent with other cases in which we have addressed district court errors in sentencing. In *State v. Jackson,* 2008 UT App 431U, 2008 WL 5051979, the defendant negotiated a complicated plea agreement that disposed of four separate criminal cases. *Id.* para. 2. The trial court accepted the plea agreement, but when it imposed the sentences, it "deviated slightly" from the plea agreement's concurrent sentencing provision. *Id.* The court later corrected the sentences, stating that it "had 'not intend[ed] to deviate from the agreement of the parties' " but "had 'made a mistake when announcing consecutive or concurrent sentences on some of the cases.' " *Id.* para. 3 (alteration in original). We upheld the trial court's decision to correct the sentences on the basis that "[b]ecause the original sentences, as announced, did not accurately reflect the trial court's intended judgment," "the trial court's misstatement of [the d]efendant's sentences was a clerical error, subject to correction" under rule 30. *Id.* para. 7; *see also Rodrigues,* 2009 UT 62, ¶¶ 21–22, 34, 218 P.3d 610 (upholding the district court's correction of a restitution order where the amount of restitution was incorrectly presented by the state because the record clearly demonstrated that "the district court intended to order restitution in conformity with the plea agreement").

¶ 9 We are not persuaded by Sulz's claim that he is prejudiced by the correction because he had a "legal and legitimate expecta-

---

3. Although not pertinent to the resolution of our case, we note that while the district court did not correct the corresponding error in the sentence for the marijuana distribution conviction at the same time, it appears that the court, on Sulz's motion, later amended that sentence to zero to five years, the statutory term for a third degree felony. *State v. Sulz,* No. 101403028, minute entry (May 9, 2013).

tion that the maximum punishment he would face [on the distribution of heroin conviction] was five years." As a general matter, when a defendant pleads guilty, his reasonable expectations regarding sentencing are limited by the terms of the plea agreement. *See Rodrigues*, 2009 UT 62, 139, 218 P.3d 610 (explaining that there was no double jeopardy violation when the trial court corrected a restitution order because the defendant "had no legitimate expectation of finality in the original order of restitution where it did not reflect what he had agreed to in the plea agreement"); *cf. Beal v. Turner*, 22 Utah 2d 418, 454 P.2d 624, 626 (1969) (explaining that there is no constitutional right to probation or parole). And Sulz does not cite to any authority in support of his claim that he gained a sort of vested interest in the court's mistake in sentencing him to a shorter term than the plea agreement provided. Accordingly, we do not consider the claim further.

¶ 10 We affirm the district court's decision to correct the error in the original sentence on Sulz's heroin distribution conviction to accord with the statutory punishment for a second degree felony.